J-S62038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHANNON MCKEIVER | |
| Appellant | No. 64 EDA 2014 |

Appeal from the PCRA Order December 10, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0002863-2008

BEFORE: ALLEN, J., OLSON, J., and OTT, J.

MEMORANDUM BY OTT, J.:                          **FILED MARCH 10, 2015**

Shannon McKeiver appeals, *pro se*, from the order entered December 10, 2013, in the Montgomery County Court of Common Pleas, dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*. McKeiver seeks relief from the judgment of sentence of an aggregate 25 to 50 years' imprisonment imposed on June 16, 2009, following his jury conviction of 39 crimes resulting from his participation in a drug-selling operation. On appeal, he argues (1) prior PCRA counsel abandoned him by failing to appeal the denial of his first PCRA petition to the Pennsylvania Supreme Court; and (2) his sentence is illegal pursuant to the United States Supreme Court's decision in ***Alleyne v. United States***, 133 S.Ct. 2151 (U.S. 2013). For the reasons set forth below, we affirm.

"McKeiver's convictions ar[o]se out of his orchestration of a conspiracy with co-defendant Kevin Jordan to distribute cocaine to lower level dealers between January and April 2007, and to rob and/or kidnap another alleged drug dealer to obtain both money and drugs to supply his own operation." *Commonwealth v. McKeiver*, 22 A.3d 1077 (Pa. Super. 2010) (unpublished memorandum at 2). On March 26, 2009, a jury found McKeiver guilty of numerous charges, including possession with intent to deliver controlled substances (PWID), corrupt organizations, criminal conspiracy, and criminal solicitation.[1] On June 16, 2009, the court sentenced McKeiver to an aggregate term of 25 to 50 years' imprisonment. His judgment of sentence was affirmed by a panel of this Court on direct appeal on November 23, 2010. *Id.* McKeiver did not petition the Pennsylvania Supreme Court for allowance of appeal.

Thereafter, on February 7, 2011, McKeiver filed a *pro se* PCRA petition. Counsel was appointed and filed an amended petition on January 31, 2012. The PCRA court denied the petition on May 25, 2012, and this Court affirmed the order on appeal. *Commonwealth v. McKeiver*, 68 A.3d 367 (Pa. Super. 2013) (unpublished memorandum). Again, McKeiver did not seek review in the Pennsylvania Supreme Court.

---

[1] 35 P.S. § 780-113(a)(30), and 18 Pa.C.S. §§ 911, 903, and 902, respectively. In total, McKeiver was convicted of 39 charges.

On August 6, 2013, McKeiver filed the instant *pro se* PCRA petition, his second. On September 26, 2013, the PCRA court sent McKeiver notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss the petition without first conducting an evidentiary hearing. McKeiver filed a timely response on October 10, 2013. However, two months later, the PCRA court dismissed McKeiver's petition as untimely. This appeal followed.[2]

In his first issue, McKeiver challenges the PCRA court's determination that his petition was untimely. Specifically, McKeiver contends PCRA counsel abandoned him by failing to file a requested petition for allowance of appeal with the Pennsylvania Supreme Court.

When reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by record evidence and is free of legal error. *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa. Super. 2010). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." *Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted).

---

[2] On January 2, 2014, the PCRA court ordered McKeiver to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). McKeiver complied with the court's directive, and filed a concise statement on January 17, 2014.

In the present case, the PCRA court determined that McKeiver's petition was untimely. The PCRA mandates that any request for relief, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. §9545(b)(1).

> The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, **regardless of the nature of the individual claims raised therein**.

*Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (internal citations omitted and emphasis supplied).

McKeiver's judgment of sentence became final on December 23, 2010, 30 days after this Court affirmed the conviction on direct appeal, and McKeiver failed to petition the Pennsylvania Supreme Court for review. *See* 42 Pa.C.S. § 9545(b)(3). Accordingly, McKeiver had until December 23, 2011, to file a timely PCRA petition.[3] The present petition, filed one and one-half years later on August 13, 2013, is patently untimely.

However, pursuant to 42 Pa.C.S. § 9545, an otherwise untimely petition is not time-barred if a petitioner pleads and proves that a time-for-filing exception applies, such as the "newly discovered facts" exception set forth in Subsection (b)(1)(ii). This exception provides that an otherwise untimely petition may be cognizable if "the petition alleges and the petitioner

---

[3] We note McKeiver did file a timely petition on February 7, 2011.

proves that … the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii). Further, any petition invoking one of the timeliness exceptions must be filed "within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2).

McKeiver contends his petition was timely filed pursuant to the "newly discovered facts" exception. In his brief before this Court, McKeiver asserts PCRA counsel abandoned him by failing to file, as he requested, a petition for allowance of appeal with the Pennsylvania Supreme Court. *See* McKeiver's Brief at 8. Further, McKeiver contends PCRA counsel never informed him that the Superior Court had affirmed the denial of PCRA relief on appeal, and that he did not learn of this Court's decision until he requested and received a docket sheet from the Montgomery County Clerk of Court on July 20, 2014. *Id.* He claims he "did not have any other means of finding out, what or when his appeal was denied, since counsel failed to keep him properly advised," and after learning the order was affirmed, he "wrote to counsel and requested that he file[] his Allowance of Appeal." *Id.* at 10. Accordingly, McKeiver asserts his petition filed on August 6, 2013, less than 60 days after he learned of this Court's decision, was timely. *Id.*

These facts alleged in McKeiver's brief, however, are much more detailed than those he averred in his PCRA petition and response to the PCRA court's Rule 907 notice. Indeed, in his petition, McKeiver summarized the basis for his claim as follows:

> I am asserting that I requested [] my counsel file my appeal to the Supreme Court but he abandoned me and did not file my appeal due to his feeling that it would be pointless. Counsel did not inform me of the denial of the Superior Court until the 30 days elapsed.

Motion for Post Conviction Collateral Relief, 8/6/2013 ("PCRA Petition"), at 3. He further asserted: "[t]he Court informed me that my appeal was denied when I asked for a current docket sheet after speaking to a law clinic clerk." *Id.* Importantly, McKeiver did not indicate which appeal he wanted to pursue in the Supreme Court, his direct appeal or his first PCRA appeal. Moreover, he did not indicate when or under what circumstances he had informed counsel of his desire to file an appeal to the Supreme Court, nor did he indicate when he first learned of counsel's failure to do so. Indeed, in his petition, McKeiver did not even specifically acknowledge that his request for relief was untimely.

In his response to the PCRA court's Rule 907 notice, McKeiver, for the first time, asserted that his petition was timely filed pursuant to the "newly discovered" facts exception in Section 9545(b)(1)(ii). However, McKeiver, once again, failed to allege sufficient facts to assert a cognizable claim. Indeed, he averred (1) he "was abandoned by counsel during the appeal to the Supreme Court, after he requested counsel to file the Allowance of Appeal in his behalf[;]" (2) he "did not know [] the situation concerning [] counsel's abandonment until he received a current docket sheet reflecting counsel's failure to file his appeal to the Supreme Court[;]" and (3) he "did in fact through diligent efforts attempt to avail himself of the opportunities of

the PCRA … and filed his 'second' PCRA petition within the 60 days that he discovered the abandonment." Reply to Notice of Intent to Dismiss PCRA Motion Without a Hearing Pursuant to Pa.R.Crim.P. 907, 10/10//2013, at ¶¶ 2-4. Significantly, McKeiver, once again, did not state when he informed counsel of his desire to appeal to the Supreme Court, nor did he specify when he first learned of counsel's abandonment in order to establish that his petition was filed within the requisite 60-day period pursuant to Section 9545(b)(2). It is incumbent upon a petitioner to **plead and prove** the applicability of one of the time for filing exceptions. *See Commonwealth v. Marshall*, 947 A.2d 714, 719 (Pa. 2008).

Here, the PCRA court found the following: (1) McKeiver failed to "explain the circumstances of his discussion with counsel or when this occurred[;]" (2) he failed to specify "whether he spoke to his counsel before or after he asked the Clerk of Court for an updated docket sheet, making it difficult to ascertain whether [McKeiver] filed the instant PCRA Petition within 60 days of learning of his right to appeal[;]" and (3) he failed "to provide a description of the steps he took in order to ascertain the status of his case before July[.]" PCRA Court Opinion, 3/25/2014, at 6-7. Because we find the PCRA court's conclusions are supported by the record, we find no basis to

disturb its determination that McKeiver's PCRA petition was untimely filed.[4] ***Carter***, ***supra***.

In his second claim, McKeiver contends that his sentence is illegal pursuant to the dictates of ***Alleyne***, ***supra***. However, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014) (citation omitted). Because we have determined that McKeiver's PCRA petition was untimely filed, and that McKeiver failed to sufficiently plead one of the exceptions to the timeliness requirements, we may not address his challenge to the legality of his sentence.[5]

Therefore, because we agree with the determination of the PCRA court that McKeiver's petition was untimely filed, and McKeiver failed to sufficiently

---

[4] We note that McKeiver does not raise the claim that PCRA counsel failed to consult with him regarding whether to file a petition for allowance of appeal to the Supreme Court. ***See Commonwealth v. Bath***, 907 A.2d 619 (Pa. Super. 2006), ***appeal denied***, 918 A.2d 741 (Pa. 2007).

[5] Furthermore, we note that "neither our Supreme Court, nor the United States Supreme Court has held that ***Alleyne*** is to be applied retroactively to cases in which the judgment of sentence had become final." ***Miller***, ***supra***, 102 A.3d at 995. Therefore, even if McKeiver had properly pled the "newly recognized constitutional right" exception to the time bar – which he did not - he would still be entitled to no relief. ***See*** 42 Pa.C.S. § 9545(b)(1)(iii).

plead the applicability of one of the time-for-filing exceptions, we affirm the order dismissing his second PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2015