J-S37026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MIGUEL RUSSI, | |
| Appellant | No. 2250 EDA 2014 |

Appeal from the PCRA Order July 15, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003479-2012, CP-15-CR-0003768-2012

BEFORE:  GANTMAN, P.J., SHOGAN, and LAZARUS, JJ.

JUDGMENT ORDER BY SHOGAN, J.:                    **FILED JULY 28, 2015**

Appellant, Miguel Russi, appeals *pro se* from the July 15, 2014 order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  After careful review, and with the urging of the trial court and the Commonwealth, we vacate the order dismissing the petition and remand for further proceedings.

On October 29, 2013, Appellant entered a hybrid-type guilty plea to two counts each of robbery and conspiracy.  He was sentenced that day to an aggregate term of imprisonment of twenty-five to fifty years.  Appellant filed a motion for reconsideration of sentence on November 7, 2013, and the Commonwealth filed a cross-motion the next day.  The trial court held a

hearing on both motions on February 19, 2014, and denied them on February 28, 2014.

During the ensuing thirty-day appeal period, Appellant wrote to his plea counsel inquiring, *inter alia*, about his direct appeal rights. By letter dated March 19, 2014, **well within the appeal period**, plea counsel responded, "Regarding your direct appeal rights, **those time limits have passed**. There was, however, nothing of merit to appeal in my opinion, and any appeal would have been frivolous and denied anyway." Letter from Peter Jurs, Chester County Assistant Public Defender, 3/19/14, at 1 (emphasis added) (Docket Entry 40). Appellant thereafter filed the instant PCRA petition in which he alleged, *inter alia*, "Peter Jurs was ineffective for failing to protect my appeal rights . . . ." PCRA Petition, 4/17/14, at 3.

The PCRA court appointed counsel, who filed a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On June 10, 2014, the PCRA court gave notice of its intention to dismiss Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907. Appellant did not respond, and on July 15, 2014, the PCRA court dismissed Appellant's petition and granted counsel leave to withdraw. Appellant filed a notice of appeal on August 5, 2014. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

In preparing its Pa.R.A.P. 1925(a) opinion, the PCRA court admitted as follows:

> [W]e have had the occasion to review and reconsider the record in great depth. We recognize that we overlooked the merits of [Appellant's] issue in his *pro se* Petition regarding counsel's failure to preserve [Appellant's] direct appeal rights and erred in our decision to summarily deny [Appellant's] first PCRA Petition.

PCRA Court Opinion, 10/14/14, at 3.

It is clear that:

> [o]ur Supreme Court has held that counsel's unexplained failure to file a requested direct appeal constitutes ineffective assistance *per se*, such that the petitioner is entitled to reinstatement of direct appeal rights *nunc pro tunc* without establishing prejudice. **Commonwealth v. Lantzy**, 558 Pa. 214, 226–27, 736 A.2d 564, 572 (1999). However, before a court will find ineffectiveness of counsel for failing to file a direct appeal, the petitioner must prove that he requested a direct appeal and the counsel disregarded the request. **Commonwealth v. Bath**, 907 A.2d 619 (Pa. Super. 2006).

**Commonwealth v. Ousley**, 21 A.3d 1238, 1244 (Pa. Super. 2011). Both the Commonwealth and the PCRA court urge us to vacate the order dismissing the petition and remand the matter for a hearing. We are so inclined.

The order of July 15, 2014, is vacated. This case is remanded for a hearing to determine whether Appellant requested counsel to file an appeal from the judgment of sentence, and if so, the PCRA court shall reinstate Appellant's right to file a counseled appeal *nunc pro tunc*.

Order vacated; case remanded. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/28/2015