**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Sam BATH, Appellant.**

Superior Court of Pennsylvania.

Submitted June 5, 2006.

Filed Aug. 29, 2006.

Barbara A. McDermott, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: MUSMANNO, BOWES, and JOHNSON, JJ.

OPINION BY JOHNSON, J.:

¶ 1 In this appeal, we consider whether the failure of counsel to consult with a defendant concerning whether to file a petition for allowance of appeal to the Supreme Court of Pennsylvania constitutes ineffective assistance of counsel *per se.* In *Commonwealth v. Liebel,* 573 Pa. 375, 825 A.2d 630, 635 (2003), our Supreme Court determined that the failure of counsel to seek allowance of appeal constitutes ineffectiveness where the defendant requested counsel to file such a petition and counsel

disregarded his request. The Court in *Liebel* did not address whether ineffectiveness is similarly shown where counsel fails to consult with the defendant concerning the potential advantages of filing such a petition. We conclude that to establish ineffective assistance for failure to consult in this context, the defendant must establish a duty to consult by indicating issues of potential merit for further review by our Supreme Court.

¶ 2 In this case, the defendant, Sam Bath, appeals the trial court's denial of his third petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. Bath sought relief based on allegations of ineffectiveness arising from counsel's failure to seek allowance of appeal following this Court's affirmance of his judgment of sentence. The court appointed post-conviction counsel and counsel filed an amended petition. The PCRA court denied Bath's petition on the merits and without a hearing, following proper notice. Because Bath failed both to request the filing of such a petition and to demonstrate that counsel had a duty to consult with him about it, we affirm the PCRA court's order.

¶ 3 On September 23, 1999, a jury found Bath guilty of third degree murder and criminal conspiracy in connection with the shooting death of a man during a fight between rival street gangs in Philadelphia. The death occurred on May 28, 1997. On November 18, 1999, the court sentenced Bath to an aggregate term of 10 to 20 years' imprisonment. Bath did not file a direct appeal.

¶ 4 On July 3, 2000, Bath filed his first PCRA petition, seeking reinstatement of direct appeal rights *nunc pro tunc*. The trial court, without opposition from the Commonwealth, granted Bath's petition. This Court, however, dismissed the appeal for failure to file a brief. Thereafter, on March 26, 2002, Bath filed a second PCRA petition and the trial court again granted the reinstatement of direct appeal rights. Ultimately, Bath was able to perfect his direct appeal and this Court affirmed the judgment of sentence on April 7, 2004, finding that Bath's challenge to the sufficiency of the evidence was without merit, and that several other issues were waived for failing to preserve them in the trial court. *See Commonwealth v. Bath*, 852 A.2d 1243 (Pa.Super.2004) (unpublished memorandum). Bath did not pursue a petition for allowance of appeal with our Supreme Court.

¶ 5 Bath timely filed the present PCRA petition, his third, on December 30, 2004. The court appointed counsel, and counsel filed an amended petition. Therein, Bath raised a claim of ineffective assistance by counsel, asserting that appellate counsel was ineffective (a) for failing to petition for allowance of appeal with our Supreme Court following this Court's affirming of the judgment of sentence, and (b) for failing to consult with Bath on the matter. Following this Court's affirming of Bath's judgment of sentence, Bath's counsel informed Bath of the decision by letter, stated that counsel saw no merit in filing a petition for allowance of appeal with the Supreme Court, and informed Bath that he had one year to file a PCRA petition. As noted, the PCRA court denied the petition on the merits and Bath now appeals.

¶ 6 In his Brief for Appellant, Bath presents a single issue for our determination:

> Whether [the] post[-]conviction court erred in dismissing appellant's PCRA seeking reinstatement of his right to file a Petition for Allowance of Appeal?

Brief for Appellant at 3.

¶ 7 Our standard of review for an order denying post-conviction relief looks to whether the PCRA court's determina-

tion is supported by the record and whether it is free of legal error. *See Commonwealth v. Allen,* 557 Pa. 135, 732 A.2d 582, 586 (1999). Moreover, as Bath's issue on appeal is stated in terms of ineffective assistance of counsel, we also note that Bath is required to make the following showing in order to succeed with such a claim: "(1) that the claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and, (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Kimball,* 555 Pa. 299, 724 A.2d 326, 333 (1999). The failure to satisfy any prong of this test will cause the entire claim to fail. *See Commonwealth v. Bridges,* 584 Pa. 589, 886 A.2d 1127, 1131 (2005). Finally, "counsel is presumed to be effective and [Bath] has the burden of proving otherwise." *Commonwealth v. Pond,* 846 A.2d 699, 708 (Pa.Super.2004) (citation omitted).

■ ¶ 8 Bath complains that direct appeal counsel was ineffective in failing to file a petition for allowance of appeal with our Supreme Court after this Court affirmed the judgment of sentence and in failing to consult with him regarding the matter. Brief for Appellant at 6. We begin our analysis by noting that the unjustified failure to file a requested direct appeal is ineffective assistance of counsel *per se* and that an appellant need not show that he likely would have succeeded on appeal in order to meet the prejudice prong of the test for ineffectiveness. *See Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564, 571 (1999). In *Liebel,* our Supreme Court looked to the principles of *Lantzy* and the failure to file a direct appeal, and applied them to the situation of the failure to file a petition for allowance of appeal. *See Liebel,* 825 A.2d at 634–36.

The Supreme Court held that in presenting a PCRA claim of ineffective assistance of counsel for failing to file a requested petition for allowance of appeal, an appellant need not show that the petition would likely have been granted, but merely that the appeal was requested and counsel failed to act. *See id.* at 635. In these situations, the Supreme Court has effectively held that the prejudice prong of the test for ineffective assistance has been established *per se. See id.*

■ ¶ 9 On the other hand, "[b]efore a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request." *Commonwealth v. Knighten,* 742 A.2d 679, 682 (Pa.Super.1999). Clearly, if a request to file a direct appeal is necessary to sustain an ineffectiveness claim based upon the failure to file a direct appeal, then such a request is also necessary where the alleged ineffectiveness is the failure to file a petition for allowance of appeal. *Cf. Commonwealth v. Cooke,* 852 A.2d 340, 344 (Pa.Super.2004) and *Commonwealth v. Gadsden,* 832 A.2d 1082, 1088 (Pa.Super.2003) (directing PCRA court upon remand to determine whether appellant requested that petition for allowance of appeal be filed).

■ ¶ 10 Instantly, none of Bath's petitions or other pleadings allege that Bath asked counsel to file a petition for allowance of appeal. In neglecting to make this allegation, Bath failed to set out a sustainable claim of ineffective assistance; counsel cannot be faulted for failing to perform an action that Bath never requested. Nonetheless, our inquiry does not end here.

■ ¶ 11 The rule set out in *Knighten* has been modified by more recent decisions, particularly *Roe v. Flores–Ortega,*

528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) and its Pennsylvania expression, *Commonwealth v. Touw*, 781 A.2d 1250 (Pa.Super.2001). These cases impose a duty on counsel to adequately consult with the defendant as to the advantages and disadvantages of an appeal where there is reason to think that a defendant would want to appeal. *See Roe*, 528 U.S. at 478, 120 S.Ct. 1029; *Touw*, 781 A.2d at 1254. The failure to consult may excuse the defendant from the obligation to request an appeal under *Knighten*, such that counsel could still be found to be ineffective in not filing an appeal even where appellant did not request the appeal. *See Roe*, 528 U.S. at 480, 484, 120 S.Ct. 1029; *Touw*, 781 A.2d at 1254.

¶ 12 In more recent cases, in situations similar to those found presently, where counsel has informed the defendant by letter that the appeal to this Court was unsuccessful and then summarily announced to the defendant that further review before our Supreme Court would not be sought, this Court has found the duty to consult potentially unmet and has remanded for an evidentiary hearing to determine whether the obligation to consult was met. *See Cooke*, 852 A.2d at 344; *Gadsden*, 832 A.2d at 1088. In the present case, however, we do not find a need to remand for an evidentiary hearing.

¶ 13 Pursuant to *Roe* and *Touw*, counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either "(1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Touw*, 781 A.2d at 1254 (quoting *Roe*, 528 U.S. at 480, 120 S.Ct. 1029). We may immediately ignore the latter condition because Bath does not

argue that he reasonably demonstrated to counsel that he was interested in appealing. As for the former condition, Bath never suggests which of his issues on direct appeal would not be considered frivolous upon further appeal. We find that Bath has failed to meet the prejudice prong of the test for ineffective assistance of counsel because Bath never puts forward or describes an issue raised upon direct appeal that would rise above mere frivolity upon further review. More importantly, we find that Bath did, in fact, have to meet this burden.

¶ 14 Bath's brief suggests that *Liebel* and its progeny removed the burden to meet the prejudice prong of the test for ineffective assistance of counsel in all cases where a petition for allowance of appeal has not been filed. Brief for Appellant at 7–8. We disagree. *Liebel* applies only where the appellant has requested the filing of a petition for allowance of appeal and counsel has failed to comply. 825 A.2d at 635. However, the present assertion of ineffective assistance is not based upon the failure to file a requested petition for allowance of appeal, but rather upon the failure of counsel to affirmatively consult with appellant about the wisdom of filing such a petition where the appellant has not requested the filing of a petition. *Liebel* and its progeny are inapposite in the present situation.

¶ 15 Where no request has been made, an appellant must establish that a duty to consult was owed. Under *Roe* and *Touw*, an appellant may establish a duty to consult by indicating issues that had any potential merit for further review. *See Roe*, 528 U.S. at 480, 120 S.Ct. 1029; *Touw*, 781 A.2d at 1254. This does not require appellant to demonstrate that the Supreme Court would likely grant review to a petition for allowance of appeal, but only that appellant must show that any

issue rises above frivolity. Bath has not even attempted this minimal undertaking. Bath challenged the sufficiency of the evidence on direct appeal and several other issues that were deemed waived for failure to preserve them at trial. Appealing such issues further appears manifestly frivolous. It was incumbent upon Bath to demonstrate to this Court why that was not the case. Bath has offered no argument in support of any of the issues raised on direct appeal. Therefore, we find that Bath has not met his burden of showing how he was prejudiced by counsel's failure to consult with him regarding a petition for allowance of appeal. In the absence of prejudice, we cannot find that counsel was ineffective. *See Commonwealth v. Mallory*, 888 A.2d 854, 862 (Pa.Super.2005).

¶ 16 Accordingly, having found that the PCRA court properly denied Bath's petition, we shall affirm the order from which this appeal has been taken.

¶ 17 Order denying PCRA relief **AFFIRMED.**