J-S19029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAFA LEROY MCALLISTER | |
| Appellant | No. 2419 EDA 2014 |

Appeal from the PCRA Order August 5, 2014
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000368-2011

BEFORE:  STABILE, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                    **FILED APRIL 28, 2015**

Jafa McAllister appeals from an order denying his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  We affirm.

A jury found McAllister guilty of persons not to possess firearms[1] and possession of a firearm with an altered manufacturer number.[2]  These charges were the result of a traffic stop in which McAllister was a passenger in a motor vehicle owned and operated by his sister. During the stop she gave permission for the search of her car.  Police officers recovered a shopping bag from the trunk which contained McAllister's clothing and the

_____

[1] 18 Pa.C.S. § 6105.

[2] 18 Pa.C.S. § 6110.2.

weapon which formed the basis for the firearm charges. The trial court sentenced McAllister to an aggregate term of 6½-13 years' imprisonment. He did not file a direct appeal.

McAllister filed a timely PCRA petition alleging several claims of ineffective assistance of counsel. Following an evidentiary hearing, the PCRA court denied his petition. McAllister filed a timely appeal, and both McAllister and the PCRA court complied with Pa.R.A.P. 1925.

McAllister raises three issues in this appeal:

> A. DID THE PCRA COURT ERR AND ABUSE ITS DISCRETION BY NOT ALLOWING THE APPELLANT TO FILE A NUNC PRO TUNC APPEAL TO THE PENNSYLVANIA SUPERIOR COURT WHERE THE RECORD DEMONSTRATED THAT THE APPELLANT WAS DENIED HIS RIGHT TO APPELLATE REVIEW AS A RESULT OF COUNSEL NOT FILING AN APPEAL AS APPELLANT HAD REQUESTED?

> B. DID THE PCRA COURT ERR AND ABUSE ITS DISCRETION BY NOT ALLOWING THE APPELLANT TO FILE A NUNC PRO TUNC APPEAL TO THE PENNSYLVANIA SUPERIOR COURT WHERE THE RECORD DEMONSTRATED THAT THE APPELLANT WAS DENIED HIS RIGHT TO APPELLATE REVIEW AS A RESULT OF COUNSEL NOT PURSING AN APPEAL DESPITE SEVERAL IMPORTANT QUESTIONS RIPE FOR SUCH REVIEW?

> C. DID THE PCRA COURT ERR AND ABUSE ITS DISCRETION BY FAILING TO FIND TRIAL COUNSEL INEFFECTIVE AND ORDERING A NEW TRIAL BASED ON EVIDENCE THAT TRIAL COUNSEL FAILED TO FILE SUPPRESSION MOTIONS DESPITE CLEARLY APPROPRIATE REASONS TO DO SO, FAILED TO PROVIDE THE APPELLANT WITH COPIES OF THE DISCOVERY USED AGAINST HIM AND FAILED TO

> SIMILARLY ACT TO THE BEST INTERESTS OF APPELLANT AT TRIAL?

Brief for Appellant, p. 4.

This Court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. *Commonwealth v. Charleston*, 94 A.3d 1012, 1019 (Pa.Super.2014). Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Id*.

To obtain relief on a claim of ineffective assistance of counsel, the PCRA petitioner must satisfy the performance and prejudice test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Specifically, the petitioner must establish that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa.1987). Counsel is presumed effective. *Charleston*, 94 A.3d at 1019. A court need not analyze the elements of an ineffectiveness claim in any particular order of priority; if a claim fails any necessary element of the *Strickland* test, the court may proceed to that element first. *Commonwealth v. Albrecht*, 720 A.2d 693, 701 (Pa.1998).

Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. **Commonwealth v. Jones**, 912 A.2d 268, 278 (Pa.2006).

We review McAllister's first and second arguments together, because they raise essentially the same issue, viz., trial counsel was ineffective for disregarding McAllister's request to file a direct appeal. McAllister claims that trial counsel's failure to file a direct appeal prejudiced him, because counsel could have raised a meritorious issue on direct appeal concerning a bag that the Commonwealth introduced into evidence during trial. McAllister argues:

> This bag was not the actual one found in the car in which [McAllister] was driving, and which allegedly contained the alleged weapon for which [McAllister] was convicted. While the trial court did instruct the jury regarding this, the presence of such a bag, which [McAllister] alleges was much larger and bulkier than the actual bag, was arguably prejudicial as it gave the jury an inaccurate visual impression of the evidence. Thus, the jury could readily have drawn conclusions about the scene based on a piece of visual evidence that was not, in actuality, a part of the scene.

Brief For Appellant, pp. 9-10. For several reasons, we disagree with McAllister.

Counsel has a constitutional duty to adequately consult with the defendant as to the advantages and disadvantages of an appeal where there is reason to believe either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he

was interested in appealing. ***Commonwealth v. Bath***, 907 A.2d 619, 623 (Pa.Super.2006). Where counsel adequately consults with the defendant about an appeal, there is no prejudice and thus no ineffective assistance. ***Commonwealth v. Touw***, 781 A.2d 1250, 1254-55 (Pa.Super.2001). For purposes of this test, counsel actually "consults" when he "advis[es] the defendant about the advantages and disadvantages of taking an appeal, and mak[es] a reasonable effort to discover the defendant's wishes." ***Id***. at 1254 (citing ***Roe v. Flores-Ortega***, 528 U.S. 470, 478 (2000)).

Here, the PCRA court concluded, and the record confirms, that trial counsel discussed whether to file a direct appeal with McAllister, and that McAllister agreed not to file an appeal. N.T. 7/21/14, p. 13 (testimony of trial counsel). Trial counsel convinced McAllister that the bag issue had no merit and was not worth appealing. N.T., 7/21/14, p. 12 (trial counsel). The PCRA court succinctly explained why the bag issue lacked merit:

> [McAllister's] brief … merely suggests that a piece of demonstrative evidence used at trial, i.e., a bag, might have been confused with a piece of real physical evidence connected to [his] possession of the firearms. However, [McAllister] readily acknowledges that the trial court issued a cautionary instruction to the jury explaining how this was merely demonstrative evidence and not the actual bag. [McAllister] also fails to explain how this would have made any difference.

Memorandum In Support Of Order Denying PCRA Petition ("Memorandum"), p. 7. For these reasons, the PCRA court acted within its discretion in

rejecting McAllister's claim that trial counsel was ineffective for failing to file a direct appeal.

In his third and final issue, McAllister contends that trial counsel was ineffective for failing to file a motion to suppress, failing to provide discovery to him and failing to act in his best interests during trial. The PCRA court concluded, and the record confirms, that McAllister failed to substantiate these claims during the PCRA evidentiary hearing.

Without specifying any particular discovery item, McCallister testified that he would have felt "comfortable" had he received pretrial discovery and "would have had more … knowledge and options" about how to proceed. N.T., 7/21, 14, p. 25. We agree with the PCRA court that McCallister failed to demonstrate prejudice due to trial counsel's failure to provide him with discovery:

> At most, [McAllister] testified at the hearing that a review of his discovery would have made 'him better informed, allowed him to better judge whether to plead guilty and would have potentially allowed him to raise new objections. [McAllister] did not specify what those objections might be or their potential effect on the verdict. [McAllister]'s brief merely offers generalized propositions on how favorable it is to review discovery with one's client prior to trial. While that may be so, [McAllister] is still required to show a prejudicial violation, not opine about best pre-trial practices. It is simply impossible for [McAllister] to meet his burden of proof in the complete absence of a factual basis.

Memorandum, p. 4.

Similarly, McCallister failed to demonstrate what motion to suppress he would have filed or how it would have assisted his defense. The PCRA court correctly observed: "The evidence for an underlying suppression claim was not presented at the evidentiary hearing or attached to [McAllister's] PCRA Petition or brief. Neither has [he] even indicated the grounds for granting suppression in any of his filings." Thus, the PCRA court correctly rejected this claim due to lack of arguable merit.

Finally, McAllister's boilerplate claim that counsel failed to act in his best interests during trial is waived due his failure to develop this argument during PCRA proceedings or in this appeal. ***Commonwealth v. Rainey***, 928 A.2d 215, 245 (Pa.2007) ("boilerplate, undeveloped argument respecting the ineffectiveness of all prior counsel is insufficient to establish an entitlement to post-conviction relief").

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2015