J-S18035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RICO MANDRELL HERBERT | |
| Appellant | No. 2974 EDA 2016 |

Appeal from the PCRA Order August 22, 2016
in the Court of Common Pleas of Monroe County Criminal Division
at No(s): CP-45-CR-0001359-2012

BEFORE: PANELLA, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MAY 17, 2017**

Appellant, Rico Mandrell Herbert, appeals from the order entered in the Monroe County Court of Common Pleas denying his timely Post Conviction Relief Act[1] ("PCRA") petition. Appellant contends that his trial counsel was ineffective for failing to file a petition for allowance of appeal with the Pennsylvania Supreme Court. We affirm.

We adopt the facts and procedural history set forth in the trial court's opinion. **See** Trial Ct. Op., 3/31/16, at 1-3. On April 7, 2014, Appellant pled guilty to third-degree murder, robbery of a motor vehicle, and abuse of a corpse. Appellant was immediately sentenced to twenty to forty years' imprisonment for third-degree murder, ten to twenty years' imprisonment

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

for robbery of a motor vehicle, and one to two years' imprisonment for abuse of a corpse, all sentences to run consecutively. Appellant filed a timely post-sentence motion, seeking reconsideration of his sentence and an adjustment in his time credit. The trial court granted the motion for a time credit but denied the motion for reconsideration. Appellant filed a timely direct appeal challenging the discretionary aspects of his sentence. This Court affirmed his judgment of sentence on February 12, 2015. *Commonwealth v. Herbert*, 1710 EDA 2014 (Pa. Super. Feb. 12, 2015) (unpublished memorandum). A petition for allowance of appeal with the Pennsylvania Supreme Court was not filed.

On February 12, 2016, Appellant timely filed a *pro se* PCRA petition. Thereafter, the PCRA court appointed PCRA counsel. The trial court conducted a hearing on June 28, 2016, wherein PCRA counsel indicated Appellant's sole issue for PCRA review was his appellate counsel's failure to file a petition for allowance of appeal with the Supreme Court of Pennsylvania. The PCRA court denied Appellant's petition on August 22, 2016. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement and the PCRA court filed a responsive opinion.

Appellant raises the following issue for our review:

> Did the Court commit error by finding that [Appellant's] counsel was effective despite having failed to file a petition for allocatur with the Supreme Court of Pennsylvania despite [Appellant's] wish to exhaust his appellate rights?

Appellant's Brief at 3.

Appellant argues that his appellate counsel was ineffective for failing to file a petition for allowance of appeal to the Pennsylvania Supreme Court after this Court declined to grant him relief on direct appeal. Appellant's Brief at 7-10. Appellant specifically emphasizes that appellate counsel revealed, during his hearing testimony, that counsel could not recall whether Appellant had requested an appeal to the Supreme Court of Pennsylvania but that Appellant probably wanted an appeal. *Id.* at 9. Therefore, Appellant contends that his appellate counsel was ineffective for failing to file such appeal and his appellate rights should be reinstated. *Id.* at 10. We conclude that no relief is due.

We begin by noting our standard of review

> [A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

***Commonwealth v. Charleston***, 94 A.3d 1012, 1019 (Pa. Super.), *appeal denied*, 104 A.3d 523 (Pa. 2014) (citation omitted).

As to claims of ineffectiveness, it is well settled that:

> [c]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, we have refined the ***Strickland*** [***v. Washington***, 466 U.S. 668 (1984)] performance and prejudice test into a three-part inquiry. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable

merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. If a petitioner fails to prove any of these prongs, his claim fails.

*Id.* (some citations omitted).

Critically, we note that this Court has held that where an appellant raises only discretionary sentencing issues on appeal, and this Court has affirmed the appellant's sentence, "counsel is not *per se* ineffective in not seeking a discretionary appeal." **Commonwealth v. Rigg**, 84 A.3d 1080, 1088 (Pa. Super. 2014). Indeed, the Pennsylvania Supreme Court is generally statutorily precluded from reviewing this Court's affirmance of a discretionary sentencing challenge absent additional factors. **Id.** at 1089; 42 Pa.C.S. § 9781(f). Such additional factors may include "whether this Court properly applied the correct standard of review, accurately interpreted governing precedent or statutory law, or erred in its legal conclusion that a claim does not present a substantial question for review." **Id.**

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Margherita Patti-Worthington, we conclude Appellant's issue merits no relief. The PCRA court's opinion comprehensively discusses and properly disposes of the argument presented. **See** Trial Ct. Op. at 3-9 (finding that Appellant failed to establish that his appellate counsel's failure to file a petition for allowance of appeal with the Pennsylvania Supreme Court caused Appellant to suffer prejudice where Appellant's sole issue on appeal concerned the discretionary

aspects of his sentence and Appellant failed to establish the issues on which he would seek allowance of appeal were non-frivolous). Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2017

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA      :      No. 1359 CR 2012

                              :

        v.                             :

                              :

RICO MANDRELL HERBERT,          :       **POST-CONVICTION**
        Defendant                 :       **RELIEF ACT PETITION**

## OPINION

This matter comes before the Court on Rico Mandrell Herbert's ("Defendant") Petition for relief under the Post-Conviction Relief Act, 42 Pa. C.S.A. §§ 9541–9546, in which Defendant claims his appellate counsel provided ineffective assistance for failing to file a petition for allocatur with the Pennsylvania Supreme Court.[1] We summarize the facts and procedural history as follows:

On April 17, 2012, Defendant was charged by Criminal Complaint with various charges, including Criminal Homicide,[2] related to the robbery and death of Joseph DeVivo, Sr. On February 23, 2012, Defendant entered Mr. DeVivo's home with the intent to take items of value. Defendant's presence startled Mr. DeVivo, who was getting ready for bed at the time. Mr. DeVivo began yelling at Defendant and Defendant, in an effort to quiet Mr. DeVivo, pulled Mr. DeVivo's t-shirt over his head, which smothered and killed him. Defendant then placed the body in the trunk of Mr. DeVivo's vehicle and left. Defendant drove Mr. DeVivo's vehicle, with his body in the trunk, to a girlfriend's house and then to a motel. After spending the night with a

---

[1] Defendant originally filed a *pro se* PCRA Petition wherein he alleged several acts of ineffective assistance of trial and appellate counsel. We appointed the Monroe County Public Defender's Office to represent Defendant and granted leave for appointed counsel to file an Amended PCRA Petition. Rather than filing an Amended Petition, counsel instead indicated at the hearing that the only issue Defendant would be pursing was the failure of his appellate counsel to file a petition for allocatur with the Pennsylvania Supreme Court. This decision was reinforced in the parties' briefs and so we will not address Defendant's other *pro se* issues.
[2] 18 Pa. C.S.A. § 2501(a).

1

different girlfriend at the motel. Defendant drove to South Carolina where he dumped Mr. DeVivo's body in a swampy ravine, mere miles from Defendant's mother's home. Defendant was eventually apprehended in North Carolina and transported back to Pennsylvania, where he fabricated various stories about what happened and why he was in possession of Mr. DeVivo's vehicle.

On May 17, 2012, the Commonwealth filed a Notice to Seek Death Penalty, alleging the aggravating circumstance that the homicide was committed during the commission of a felony. On, April 7, 2014, the day of jury selection, Defendant pled guilty to Third-Degree Murder, Robbery of a Motor Vehicle, and Abuse of a Corpse. Defendant was immediately sentenced to an aggregate term of 31 to 62 years: 20 to 40 years for Third-Degree Murder, 10 to 20 years for Robbery of a Motor Vehicle, and 1 to 2 years for Abuse of a Corpse, all to run consecutively. Defendant was represented during this time by Attorneys Thomas Sundmaker and John Waldron.

On April 16, 2014, Defendant, through counsel, filed post-sentence motions seeking a reconsideration of his sentence and an adjustment in his time credit. This Court granted Defendant's motion for time credit but denied his motion for reconsideration of sentence. On May 23, 2014, Defendant, through Attorney Sundmaker, filed an appeal to the Superior Court. The only issue raised on appeal was "[w]hether the trial court abused its discretion by sentencing [Defendant] outside the Guidelines, when such sentences were the maximum allowable under the statute without considering relevant sentencing factors and without stating adequate reasons for its sentence." *Commonwealth v. Herbert*, 2015 WL 7587816 at *4 (Pa. Super. February 12, 2015)(unreported). On February 15, 2015, the Superior Court affirmed this Court's sentence. *Id.* at *1. Neither Defendant nor Attorney Sundmaker filed a petition for allocatur with the Pennsylvania Supreme Court.

2

Defendant filed the present PCRA on February 12, 2016. We appointed counsel and held a hearing on said Petition on June 28, 2016. After review of the record and the testimony from the hearing, we are ready to dispose of this matter.

## DISCUSSION

Preliminarily, we find that Defendant's Petition has been timely filed and meets the relevant criteria for filing a PCRA Petition. *See* 42 Pa. C.S.A. §§ 9534(a), 9545(b)(1). Accordingly, we have jurisdiction to hear the merits. *See Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003).

Defendant's sole issue for our consideration is whether Attorney Sundmaker was ineffective for failing to file a petition for allocatur with the Pennsylvania Supreme Court. Def.'s Br., p. 2. In his brief, Defendant argues that his sentence was an illegal sentence and that by not filing a petition for allocatur, Attorney Sundmaker provided ineffective assistance. Def.'s Br., p. 3. Further, Defendant avers that Attorney Sundmaker admitted at the PCRA hearing that he did not consult with Defendant about his options following the Superior Court's affirmance of his judgment of sentence. Def.'s Br., p. 4. Ultimately, Defendant seeks the reinstatement of his appellate rights, *nunc pro tunc*. Def.'s Br., p. 4.

The Commonwealth responds that because Defendant's sole issue on appeal challenged the discretionary aspects of his sentence, Attorney Sundmaker did not provide ineffective assistance when he failed to file a petition for allocatur. Com.'s Br., p. 4. The Commonwealth relies on *Commonwealth v. Rigg*, 84 A.3d 1080 (Pa. Super. 2014), to supports its argument. Com.'s Br., p. 4. The Commonwealth avers that the only issue Defendant raised on direct appeal to the Superior Court, and thus the only issue he could have raised to the Supreme Court, concerned the discretionary aspects of his sentence—an issue which will not be reviewed by the

3

Pennsylvania Supreme Court. Com.'s Br., pp. 4–6 (citing 42 Pa. C.S.A. § 9781(f)). Moreover, the Commonwealth notes that Attorney Sundmaker testified credibly at the hearing that he consulted with Defendant about the Superior Court's decision and what his options were. Com.'s Br., p. 6 n.4.

A defendant has the burden of proof for PCRA claims by a preponderance of the evidence. *See* 42 Pa. C.S.A. § 9543(a). Defendant's issue herein raises ineffectiveness of appellate counsel. In order to prove ineffective assistance of counsel, Defendant's claim must pass all three prongs of the *Pierce* test: (1) the underlying issue must be of arguable merit; (2) counsel's act or omission must not have had a reasonable basis in effectuating Defendant's interests; and (3) counsel's ineffectiveness must have worked to Defendant's prejudice. *Commonwealth v. Pierce*, 645 A.2d 189, 194–95 (Pa. 1994) (citation omitted). "A failure to satisfy any one prong of the test for ineffectiveness will result in this Court's rejection of the claim." *Commonwealth v. Bishop*, 936 A.2d 1136, 1139 (Pa. Super. 2007) (citation omitted). The third prong of the *Pierce* test—prejudice—is proven if the Defendant shows "that but for the act or omission in question, the outcome of the proceedings would have been different." *Id.* (quotation omitted). Similarly, "[i]f a reasonable basis exists for the particular course chosen by counsel, the inquiry ends and counsel's performance is deemed constitutionally effective." *Commonwealth v. Abdul-Salaam*, 808 A.2d 558, 561 (Pa. 2001) (citation omitted).

Generally, a defendant has a right to effective counsel throughout his direct appeal. *See* Pa.R.Crim.Pro. 122(B)(2); *Commonwealth v. Liebel*, 825 A.2d 630, 633 (Pa. 2003)(citing *Commonwealth v. Daniels*, 420 A.2d 1323 (Pa. 1980)). While appeal to the Supreme Court is a matter of judicial discretion and not a matter of right, *see* Pa.R.A.P. 1114(a), a defendant can establish prejudice for failure to file allocatur in certain circumstances. After the Superior Court

4

renders a decision, a defendant has a right to effective *consultation* regarding the filing of a petition for allocatur with the Pennsylvania Supreme Court and failure to receive said consultation would result in prejudice. *See Commonwealth v. Gadsden*, 832 A.2d 1082, 1088 (Pa. Super. 2003). Additionally, if a defendant requests a petition for allocatur to be filed on his behalf, he has a right to effective representation on that petition and it is *per se* ineffective assistance for counsel to fail to file that petition. *See Commonwealth v. Reed*, 971 A.2d 1216, 1225 (Pa. 2009). If the record is devoid of a defendant's request for allocatur, he may still have a cognizable PCRA claim if he proves any issues he sought to take to the Supreme Court "rose 'above frivolity.'" *Commonwealth v. Rigg*, 84 A.3d 1080, 1088 (Pa. Super. 2014)(quoting *Commonwealth v. Bath*, 907 A.2d 619, 624 (Pa. Super. 2006)); *see also Gadsden*, 832 A.2d at 1085–86 (citing *Commonwealth v. Liebel*, 825 A.2d 630 (Pa. 2003)).

"[B]ecause the Pennsylvania Supreme Court is generally statutorily precluded from reviewing a defendant's discretionary sentencing claim," *see* 42 Pa. C.S.A. § 9781(f), the Superior Court has held that "counsel [is] not *per se* ineffective in not seeking a discretionary appeal after [the Superior Court] affirmed [a] sentence where that was the lone issue . . . to be reviewed." *Rigg*, 84 A.3d at 1088. There are times where the Supreme Court will grant allocatur on discretionary issues of sentencing. *See id.* at 1088–89. However, where a defendant raises only discretionary sentencing issues on appeal and the Superior Court affirms the trial court's sentence, the Supreme Court will not grant allocatur. *See id.* Indeed, "§ 9781(f) would be rendered meaningless if the High Court could review [the Superior Court's] affirmance of a discretionary sentencing challenge absent . . . additional factors." *Id.* at 1089.

In *Rigg*, the Superior Court noted that "[Rigg's] argument herein centers around whether his sentence was excessive and whether the trial court placed adequate reasons for its sentence

on the record." *Id.* The Court found that Rigg's counsel was not *per se* ineffective for failing to file allocatur after consultation with Rigg, however, the Court did not decide a *Pierce*-based claim of ineffectiveness. *Id.* at 1090 n.9. In a footnote, the Court stated it would not reach the merits of such a claim because Rigg had not raised it. *Id.*

The Commonwealth argues, *inter alia*, that *Rigg* precludes this Court from granting Defendant's requested relief. Com.'s Br., p. 5. The issue decided in Defendant's direct appeal was whether this Court abused its discretion when we imposed a departure sentence for Robbery of a Motor Vehicle.[3] *Herbert*, 2015 WL 7587816 at *4. Therefore, Defendant's sole issue on appeal challenged the discretionary aspects of this Court's sentence. *See id.* at *5 (citing *Commonwealth v. Lutes*, 793 A.2d 949 (Pa. Super. 2002)). As the Superior Court has held failure to file allocatur under these circumstances does not constitute ineffectiveness *per se*, the Commonwealth is correct in that Defendant has not presented sufficient evidence to warrant relief under *Rigg*. *Rigg*, 84 A.3d at 1089. However, *Rigg* does not foreclose PCRA relief under traditional *Pierce* standards. *Rigg*, 84 A.3d at 1090 n.9. Thus, our inquiry does not end here and we must now conduct a *Pierce* analysis to determine whether Defendant's relief should be granted.

A defendant can show prejudice for counsel's failure to file allocatur in three situations. First, if a defendant does not receive effective consultation about his options following a Superior Court decision, he has shown prejudice. *See Gadsden*, 832 A.2d at 1087. In the present

---

[3] First, we note that part of the Superior Court's decision was that Defendant had waived his challenge to the sentence imposed on the Abuse of a Corpse charge. *Herbert*, 2015 WL 7587816 at *7 n.4. The Court also found that despite this waiver, Defendant's claim lacked merit nonetheless. *Id.* at *13 n.5. Second, we understand Defense counsel has characterized Defendant's appellate issues as challenging the legality of Defendant's sentence. Def.'s Br., p. 2–3. However, that was not the argument to the Superior Court on direct appeal. *Herbert*, 2015 WL 7587816 at *4. In his PCRA Petition, Defendant only seeks to have his appellate rights from the Superior Court's decision in February of 2015 reinstated, *nunc pro tunc*. *See* Def.'s Br., p. 4. Thus, we only consider the appellate issues raised therein. *See Rigg*, 84 A.3d at 1086–89 (showing the determination of ineffectiveness for failing to file allocatur stems from the issues raised before the Superior Court on direct appeal).

case, Attorney Sundmaker credibly testified that he consulted with Defendant after the Superior Court's decision. We recognize that Defendant avers Attorney Sundmaker "admitted at the PCRA hearing that he did not consult with [Defendant] about his options after the Superior Court denied his appeal." Def,'s Br., p. 4. However, our recollection of Attorney Sundmaker's testimony is that he *did* speak with Defendant about his options following the Superior Court decision. While Attorney Sundmaker was unsure whether he communicated these options in person, over the phone, or by letter, we have no reason to doubt that Attorney Sundmaker did discuss the available options with Defendant.[4] Thus, Defendant has not shown prejudice under the *Gadsden* standard.

The second way a defendant can show prejudice for failure to file allocatur is if there is evidence showing the defendant requested a petition be filed. *See Reed*, 971 A.2d at 1225 (citing *Commonwealth v. Liebel*, 825 A.2d 630 (Pa. 2003)). If the record shows the defendant made such a request, then the attorney who failed to file for allocatur is *per se* ineffective. *Id.* Attorney Sundmaker testified that he did not specifically remember whether Defendant requested a petition for allocatur, but he believed Defendant would have wanted one filed. We find that such testimony does not amount to proof by a preponderance that Defendant requested a petition for allocatur. *See* 42 Pa. C.S.A. § 9543(a) (stating a defendant has the burden of proof by a preponderance of the evidence for all PCRA claims). Thus, Defendant has not shown prejudice under the *Reed* standard.

---

[4] At the hearing, Attorney Sundmaker also testified that as appointed counsel, he would be unable to file for allocatur on Defendant's behalf without first petitioning this Court. We are unaware of any rule or case that dictates appointed counsel cannot file for allocatur on behalf on an indigent defendant without first petitioning the Court of Common Pleas. In fact, as we have stated above, the law indicates, without distinction, that a defense attorney's failure to file a requested petition for allocatur is *per se* ineffective assistance. *Reed*, 971 A.2d at 1225. Moreover, Pennsylvania Rules of Criminal Procedure mandate that "the appointment [of counsel] shall be effective until final judgment, *including any proceedings upon direct appeal*." Pa.R.Crim.Pro. 122(B)(2) (emphasis added). However, Defendant has not raised this as an issue in his brief and as we find Defendant would not be entitled to relief regardless, we need not elaborate on this issue.

Finally, a defendant can show prejudice even where there is no evidence he requested a petition for allocatur so long as the issues he seeks to appeal would "[rise] 'above frivolity.'" *Rigg*, 84 A.3d at 1088 (quoting *Commonwealth v. Bath*, 907 A.2d 619, 624 (Pa. Super. 2006)). Generally, the Pennsylvania Supreme Court may not grant allocatur when the only issues on appeal challenge the discretionary aspects of sentencing. 42 Pa. C.S.A. § 9781(f). However, the Supreme Court has granted allocatur to these types of issues when other factors are present. For example, when the *Commonwealth* appeals discretionary aspects of sentencing, the Supreme Court has granted allocatur. *Rigg*, 84 A.3d at 1088 (citing *Commonwealth v. Perry*, 32 A.3d 232 (Pa. 2011)). Similarly, where the Superior Court has reversed a discretionary sentence for being too lenient, the Supreme Court will allow an appeal. *Id.* at 1088–89 (citing *Commonwealth v. Smith*, 673 A.2d 893 (Pa. 1996)). Most relevant to the present case, where the Superior Court finds a defendant has failed to establish a substantial question which would allow appeal of the discretionary aspects of his sentence, the Supreme Court has granted allocatur to review whether the Superior Court applied the correct legal principals in rendering that decision. *Id.* at 1089 (citing *Commonwealth v. Mouzon*, 812 A.2d 617 (Pa. 2002)). The Superior Court has recognized that under this standard, where the Superior Court has ruled a sentencing issue was waived, the Supreme Court would also likely grant allocatur. *Id.* ("Similarly, a decision by [the Superior] Court finding that a discretionary sentencing claim was waived or was not waived would be reviewable.").

In Defendant's case, the Superior Court found that Defendant had presented a substantial question that warranted review of the discretionary aspects of this Court's sentence for Robbery of a Motor Vehicle. *Herbert*, 2015 WL 7587816 at *7. Defendant's appellate issue for the Robbery sentence is strictly a discretionary sentencing issue and is not an issue for which the

Supreme Court would grant allocatur. *Id.* at *5; *see also* 42 Pa. C.S.A. § 9781(f). Additionally, the Superior Court also found that Defendant had waived his appellate issue on the sentence he received for Abuse of a Corpse. *Herbert*, 2015 WL 7587816 at *7. According to *Rigg*, the Supreme Court might grant allocatur on the issue of whether Defendant waived the claim regarding his sentence for Abuse of a Corpse. *Rigg*, 84 A.3d at 1089. However, as the Superior Court also found this claim would fail on the merits, *Herbert*, 2015 WL 7587816 at *13 n.5, Defendant has not shown his appellate issues would rise above frivolity. *See Commonwealth v. Bath*, 907 A.2d 619, 623–24 (Pa. Super. 2006). Thus, Defendant has failed to meet the prejudice prong of the *Pierce* test and his Petition must be denied. *Bishop*, 936 A.2d at 1139.

Accordingly, we enter the following Order: