**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PATRICK ALAN DUGAN | : | |
| | : | |
| Appellant | : | No. 1519 WDA 2019 |

Appeal from the PCRA Order Entered September 16, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000817-2016

BEFORE: MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED OCTOBER 1, 2020**

Patrick Alan Dugan appeals the denial of his request for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm on the basis of PCRA court's opinion.

In February 2018, the trial court found Dugan guilty of two counts of Attempted Homicide; fifteen counts of Aggravated Assault; fifteen counts of Recklessly Endangering Another Person; and one count of Discharge of a Firearm into Occupied Structure.[1] It sentenced him to a concurrent term of five to ten years' incarceration for both counts of Attempted Homicide and three to six years' incarceration for the Discharge of a Firearm into Occupied Structure count. The court imposed no further penalty on the remaining

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901(a), 2501(a), 2702(a)(1), 2705, and 2707.1(a), respectively.

convictions. Trial counsel withdrew from representing Dugan, and the court appointed new counsel, who filed a timely direct appeal. We affirmed the judgment of sentence in December 2018. *Commonwealth v. Dugan*, No. 768 WDA 2018, 2018 WL 6735018 (Pa.Super. filed Dec. 24, 2018) (unpublished memorandum). Dugan did not seek review in the Pennsylvania Supreme Court.

Dugan filed the instant PCRA petition, his first, in February 2019. The court appointed counsel who filed an amended PCRA petition raising claims of ineffective assistance of trial and appellate counsel. The PCRA court held a hearing at which trial and appellate counsel testified. The PCRA court denied the PCRA petition and this timely appeal followed.

Dugan raises the following issues before this Court:

1. Whether the PCRA court erred in not finding trial counsel, Blaine Jones, Esq., ineffective for failing to question Trooper Robert C. Reitler, during cross-examination, as to why he did not collect a GSR sample from co-defendant, Zachary Helisek?

2. Whether the PCRA court erred in not finding Attorney Jones ineffective for failing to explain a bench trial to him prior to [Dugan] waiving his right to a jury trial, and for convincing [Dugan] that waiving his right to a jury trial would be in his best interest?

3. Whether the PCRA court erred in not finding Attorney Jones ineffective for failing to cross-examine co-defendant, Zachary Helisek, regarding various inconsistencies in the statements that Zachary Helisek made to police?

4. Whether the PCRA court erred in finding the Fayette County Public Defender's Office ineffective for failing to

> file a petition for allowance of appeal to the Pennsylvania
> Supreme Court?

Dugan's Br. at 3 (unnecessary capitalization omitted).

Our standard of review of an order denying PCRA relief is limited to determining "whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." **Commonwealth v. Hart**, 199 A.3d 475, 481 (Pa.Super. 2018) (citation omitted). Dugan challenges the effectiveness of trial counsel. We presume counsel was effective. **Commonwealth v. Lesko**, 15 A.3d 345, 380 (Pa. 2011). Therefore, Dugan bore the burden of pleading and proving all of the following:

> 1) the underlying claim has arguable merit;
>
> 2) no reasonable basis existed for counsel's actions or failure to act; and
>
> 3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

**Id.** at 373.

The PCRA court denied all of Dugan's ineffectiveness claims, and we affirm on the basis of the Pa.R.A.P 1925(a) opinion of the Honorable Linda R. Cordaro. Dugan's first claim was that counsel was ineffective for failing to cross-examine a trooper about why the State Police did not recover gunshot residue from Dugan's co-defendant, Zachary Helisek. The PCRA court explained that it rejected the claim because Dugan had failed to show that counsel's action in this regard was unreasonable. **See** PCRA Ct. Op. filed 9/16/19 at 5. The court pointed out that at the PCRA hearing, trial counsel

testified that police collected gunshot residue from four individuals at or near the crime scene at the time of the crime, but Helisek was not one of those individuals, as police did not apprehend him until a day or two after the crime. N.T., PCRA Hearing, 8/30/19, at 14, 16.

The court also denied Dugan's claim that counsel "never once explained to me the parameters of a bench trial." N.T., PCRA Hearing, at 28. The PCRA court denied this claim, citing the Waiver of Jury Trial form that Dugan signed along with trial counsel. **See** PCRA Ct. Op. at 3, 5. It also noted that it conducted an oral colloquy with Dugan where he stated that it was his desire to waive his right to a jury and have the case heard by the trial judge. **Id.** at 4. The court also credited the testimony of trial counsel at the PCRA hearing that "it is his practice to provide his clients with their option of proceeding with a bench trial or a jury trial." **Id.**

The court also explained that Dugan's claim that counsel rendered ineffective assistance of counsel by failing to question Helisek about his inconsistent statements to police was meritless. It noted that the trial transcript contained 18 pages of trial counsel's cross-examination of Helisek, during which counsel asked Helisek about both statements he gave to the police. **See id.** at 5-6.

The PCRA court also rejected Dugan's final claim, which challenged the effectiveness of appellate counsel. He claimed that appellate counsel was ineffective for failing to file a petition for allowance of the appeal with the Pennsylvania Supreme Court. The PCRA court explained that it rejected the

claim because it did not credit Dugan's testimony that he asked counsel to seek review in the Pennsylvania Supreme Court. *Id.* at 8. The court further stated that Dugan failed to show that the issue he claimed to want the Supreme Court to review – a sufficiency challenge – was not frivolous, and thus not a basis on which to predicate a claim of ineffectiveness for failure to seek allowance of appeal. *Id.*

After a review of the parties' briefs, the certified record, and the relevant law, we find no abuse of discretion or error in the PCRA court's denial of relief. We thus affirm the rejection of Dugan's PCRA petition on the basis of Judge Cordaro's opinion.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/1/2020

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : : |
| v. | : : |
| PATRICK ALAN DUGAN, | : : |
| Defendant. | : No. 817 of 2016 |

# OPINION

Linda R. Cordaro, J.

## SUMMARY

Before this Court is an Amended Post-Conviction Relief Act Petition filed by

Defendant, Patrick Alan Dugan. After full consideration of the Hearing held on August

30, 2019, the arguments of counsel, and appropriate case law, this Court **DENIES** the

Defendant's requested relief.

## BACKGROUND

On February 6, 2018, following a bench trial, Defendant was found guilty of two

counts of Criminal Attempt, Criminal Homicide; fifteen counts of Aggravated Assault;

Discharge of a Firearm into Occupied Structure; and fifteen counts of Recklessly

Endangering Another Person. Defendant was sentenced to five to ten years on each

charge of attempted homicide, to run concurrently, and three to six years on the

Discharge of a Firearm offense, also to run concurrently. Defendant's trial counsel was

Attorney Blaine Jones, who withdrew his appearance immediately after trial. Thereafter,

this Court appointed the Fayette County Public Defender's Office to represent the Defendant on appeal.

An Appeal to the Pennsylvania Superior Court was timely filed, and on December 24, 2018, the Pennsylvania Superior Court issued an Opinion affirming the Judgement of Sentence. Defendant thereafter filed this timely Post-Conviction Relief Act Petition, and this Court appointed Attorney James Natale to represent the Defendant. Defendant alleges ineffective assistance by both his trial counsel, Attorney Blaine Jones, and his appellate counsel, the Fayette County Public Defender, Attorney Jeffrey Whiteko.

## DISCUSSION

Defendant argues that both of his previous attorneys provided him with ineffective assistance of counsel for numerous reasons discussed more fully herein. In order to succeed on a claim of ineffective assistance, a defendant must establish that the claim is of arguable merit, that no reasonable trial strategy existed for counsel's action or inaction, and that the outcome of the proceedings would have been different but for counsel's failures. Counsel is presumed effective, and it is the defendant's burden to prove otherwise. *Commonwealth v. Daniels*, 963 A.2d 409, 427 (Pa. 2009).

Defendant contends that trial counsel was ineffective for failing to explain a bench trial to the Defendant. With respect to claims involving involuntary jury waivers due to counsel's ineffectiveness, the defendant must prove actual and not presumed prejudice. A defendant has the burden to demonstrate "a reasonable probability that the result of the waiver proceeding would have been different absent counsel's ineffectiveness." *Commonwealth v. Mallory*, 941 A.2d 686, 702 (Pa. 2006).

On October 2, 2017, the Defendant signed a Waiver of Jury Trial, and the written waiver was also signed by Attorney Blaine Jones and the Honorable Joseph George. The written waiver includes that the Defendant elects to be tried by a Judge without a jury:

[F]ully understanding that if he/she were tried by a jury:

(a) [T]he jury would be chosen from members of the community thereby producing a jury of his/her peers;

(b) [A]ny verdict rendered by a jury must be unanimous, that is, all twelve jurors must agree before they can return a verdict of guilty; and

(c) [H]e/she would be permitted to participate in the selection of the jury.

Again, on February 1, 2018, the Defendant signed a Waiver of Jury Trial, in the same form as the Waiver signed on October 2, 2017, and this Waiver was signed by Attorney Blaine Jones and the undersigned after an on-the-record colloquy with the Defendant as follows:

Q. Mr. Dugan, I have been provided by your counsel this waiver of jury trial, is this your signature on, on this document?

A. Yes, Your Honor.

Q. And did you carefully review this document with your attorney?

A. Yes, Your Honor.

Q. How old are you, sir?

A. 24 years old.

Q. And how far did you go in school?

A. Sophomore year of college, Your Honor.

Q. So it's fair to say you read, write and understand English?

A. Yes, Your Honor.

Q. Now, was this document signed today?

A. Yes, Your Honor.

Q. And have you consumed any drugs, alcohol or any medication in the last 48 hours?

A. No, Your Honor.

Q. And do you understand that you have the right to have your case heard by a jury?

A. Yes, Your Honor.

Q. And do you believe that you had sufficient time to discuss the matter of a jury trial with attorney Jones?

A. Yes, Your Honor.

Q. And is it your desire to waive your right to have a trial by jury and have this case heard by this Court?

A. Yes, Your Honor.

Q. You have any questions about your right to a jury trial?

A. No, Your Honor.

Q. You have any questions about this waiver of the jury trial?

A. No, Your Honor.

The Court: The Court finds that the defendant has made a knowing, voluntary, intelligent waiver of his right to a jury trial and we will proceed.

Criminal Non-Jury Trial Proceedings at 12-13.

At the PCRA hearing, Attorney Blaine Jones testified that it is his practice to provide his clients with their option of proceeding with a bench trial or a jury trial. Attorney Jones testified that it is not his job to make the decision, but ultimately, it is up to the client whether to have a jury trial. This Court finds the testimony of the Defendant to be incredible when he testified that Attorney Jones never explained to him the

difference between a bench trial and a jury trial. This Court finds the testimony of Attorney Jones to be very credible to show that he assured that his client understood his right to have a jury trial or waive a jury trial. As a result, there is not factual support to Defendant's claim of ineffectiveness for counsel's failure to explain a bench trial to the Defendant. In addition, this Court finds that Defendant has failed to present any evidence of prejudice due to the fact his case proceeded as a non-jury trial.

Defendant also avers that Attorney Jones failed to conduct proper cross-examination of Trooper Reitler. Specifically, Defendant raises as ineffectiveness Attorney Jones's failure to ask Trooper Reitler why there was not gunshot residue collected from co-defendant Zachary Helisek. As Attorney Jones testified, on the date of this crime, gunshot residue was collected from the four individuals apprehended at or near the scene. Zachary Helisek was not detained on the date of the crime, and Attorney Jones explained this as the reason that he did not inquire about gunshot residue collected from Zachary Helisek. As a general rule, in criminal proceedings, an attorney is authorized to act for his client and to determine for the client all procedural matters, as well as trial strategy and tactics. A court will not second-guess a trial counsel's trial tactics, so long as there is a reasonable basis for what counsel did or did not do. *Commonwealth v. Rivers*, 786 A.2d 923, 930 n.5 (Pa. 2001).

In addition, Defendant argues that trial counsel was ineffective with regard to his cross-examination of co-defendant, Zachary Helisek. Defendant testified that Attorney Jones failed to bring up the inconsistencies in two written statements of Mr. Helisek. Upon review of the trial transcript, this Court does not accept this argument by the Defendant. The trial transcript contains eighteen pages of cross-examination of Mr. Helisek by Attorney Jones. This interrogation includes Attorney Jones specifically

asking Mr. Helisek about the first and second statements that he provided to the police. In addition, Attorney Jones brought up the fact that Mr. Helisek's memory may have been impaired by alcohol and drugs, and that Mr. Helisek may have been testifying to "save" his "tail."

At the PCRA Hearing, Attorney Jones testified credibly that it is his practice of asking the court for just a moment after he questions each witness, and he asks the defendant if there is anything he missed, or if there is anything the defendant would like him to ask each witness. The record reflects that before Attorney Jones concluded his cross and recross of Mr. Helisek, he asked, "May I have a moment Judge" and "One moment please, Judge." In addition, the Defendant himself testified that Attorney Jones told him that Mr. Helisek appeared to be trying to help the Defendant in his testimony, and Attorney Jones did not want to make Mr. Helisek mad. Furthermore, the Defendant testified that Attorney Jones did ask a few of the questions that Mr. Dugan wanted Attorney Jones to ask Mr. Helisek on the stand. The Defendant has failed to establish his claim for ineffectiveness in this regard.

Defendant next contends that his appellate counsel, Public Defender Jeffrey Whiteko, was ineffective. Specifically, Defendant argues that the Public Defender failed to file a Petition for Allowance of Appeal to the Pennsylvania Supreme Court after the Superior Court issued an Opinion affirming the Defendant's sentence. The Defendant made a bald assertion that he requested an appeal to the Pennsylvania Supreme Court when he received notice in the mail that his appeal was denied. He testified that he wrote the Public Defender's office the same night as he received the denial of his appeal. Then, on cross-examination, the Defendant testified that he believes he contacted his mother to file the appeal, but she couldn't get in touch with the Public Defender.

Attorney Whiteko testified that he cannot specifically recall if the Defendant requested a Petition for Allowance of Appeal to the Pennsylvania Supreme Court. This Court finds it significant that there was no testimony by Attorney Whiteko that his file contained any letter from the Defendant requesting a Petition for Allowance of Appeal.

A defendant has a rule-based right to effective counsel throughout his direct appeal. Pa.R.Crim.P. 122(B)(2); *Commonwealth v. Liebel*, 825 A.2d 630, 633 (Pa. 2003). While an appeal to the Supreme Court is a matter of judicial discretion and not a matter of right (*See* Pa.R.A.P. 1114(a)), a defendant can establish prejudice for counsel's failure to seek allowance of appeal in certain circumstances. After the Superior Court renders a decision, a defendant has a right to effective consultation regarding the filing of a petition for allowance of appeal with the Pennsylvania Supreme Court, and failure to receive said consultation would result in prejudice. *See Commonwealth v. Gadsden*, 832 A.2d 1082, 1088 (Pa. Super. Ct. 2003); *But cf. Commonwealth v. Bath*, 907 A.2d 619, 620-21 (Pa. Super. Ct. 2006) (holding that it is not *per se* ineffectiveness when counsel fails to consult with the defendant concerning the potential advantages of filing a petition for allowance of appeal). Further, defendants who request that counsel file a petition for allowance of appeal on their behalf have a right to effective representation, and it is *per se* ineffective assistance for counsel to fail to file that petition. *See Commonwealth v. Reed*, 971 A.2d 1216, 1225 (Pa. 2009).

Where the record is devoid of a defendant's request for review before the Pennsylvania Supreme Court, the defendant still may have a cognizable claim under the PCRA if the defendant proves any issues the defendant sought to take to the Supreme Court "rose 'above frivolity.'" *Commonwealth v. Rigg*, 84 A.3d 1080, 1088 (Pa. Super. Ct. 2014) (*quoting Bath* at 624); *see also Gadsden* at 1085–86 (*citing Liebel* at 635).

In *Bath*, the Superior Court stated, "[w]here no request [to file a petition for allowance of appeal] has been made, an appellant must establish that a duty to consult was owed." *Bath* at 623. An appellant may establish a duty to consult by indicating issues that had any potential merit for further review. *See Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000); *See also Commonwealth v. Touw*, 781 A.2d 1250, 1254 (Pa. Super. Ct. 2001). This does not require appellant to demonstrate that the Supreme Court would likely grant review to a petition for allowance of appeal, but only that appellant must show that any issue rises above frivolity. *Bath* at 623-24.

In the case presently before this Court, other than the Defendant's bald allegation, the record lacks any evidence that Defendant asked direct appeal counsel to file a petition for allowance of appeal with the Pennsylvania Supreme Court. Therefore, Defendant must establish that a duty to consult was owed. However, Defendant fails to state what issues he would have sought to pursue, nor does he attempt to prove any claim would have risen above frivolity. Specifically, Defendant never suggests how his challenge to the sufficiency of the evidence to support his conviction would not be considered frivolous upon further appeal. As such, this Court finds that Defendant has failed to meet the prejudice prong of the test for ineffective assistance of counsel for his failure to show his sufficiency of the evidence challenge would rise above mere frivolity upon further review. Accordingly, this Court cannot find that appellate counsel was ineffective.

## CONCLUSION

For the foregoing reasons, Mr. Dugan's Petition for Post-Conviction relief is Denied.

ATTEST:

BY THE COURT:

Clerk of Courts

Linda R. Cordaro, Judge

Dated: September 16, 2019

CLERK OF COURTS
FAYETTE COUNTY
JANICE SNYDER

2019 SEP 16 AM 11: 51

FILED