J-S27014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JEROME C. BROOKS :
:
Appellant : No. 2713 EDA 2017

Appeal from the PCRA Order August 1, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002238-2013

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY SHOGAN, J.:                         **FILED AUGUST 28, 2018**

Jerome C. Brooks ("Appellant") appeals from the order dismissing his

first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the factual and procedural history of this

case as follows:

> On June 12, 2014, [Appellant] was found guilty after a jury
> trial, presided over by the Honorable Rose Marie DeFino-Nastasi,
> of homicide by vehicle while under the influence, 75 Pa.C.S.
> § 3735, as a felony of the second degree; accidents involving
> death or personal injury, 75 Pa.C.S. § 3742, as a felony of the
> second degree; driving under the influence (DUI, general
> impairment of driving safely), 75 Pa.C.S. § 3802(a)(1), as a
> misdemeanor of the first degree; and driving under the influence
> of a controlled substance (DUI, combination alcohol/drugs), 75
> Pa.C.S. § 3802(d)(3), as a misdemeanor of the first degree.
>
> On November 14, 2014, [Appellant] was sentenced to four
> (4) to eight (8) years confinement for the homicide by vehicle
> while under the influence conviction and one (1) to two (2) years

confinement for the Accidents Involving Death or Personal Injury conviction. No further penalty was imposed for the two (2) DUI convictions. The sentences were ordered to run consecutively for an aggregate sentence of five (5) to ten (10) years confinement. No direct appeal was filed.

On March 18, 2015, [Appellant] filed an untimely, *pro se*, Motion for Reconsideration of Sentence, *nunc pro tunc*.

On April 17, 2015, the Trial Court denied [Appellant's] Motion for Reconsideration of Sentence for being untimely.

On June 1, 2015, [Appellant] filed an untimely, *pro se* Motion for Direct Appeal, *nunc pro tunc*, which was categorized as a PCRA petition by the PCRA Unit of the Philadelphia Clerk of Courts.

On October 2, 2015, [Appellant] filed a *pro se* objection to his Motion for Direct Appeal, *nunc pro tunc*, being categorized as a PCRA petition and requesting to withdraw the Motion for Direct Appeal and be permitted to file a proper PCRA petition.

On October 28, 2015, [Appellant] filed the instant, timely, *pro se* PCRA petition.

On April 7, 2017, PCRA counsel David Rudenstein, Esquire filed an Amended PCRA Petition.

On August 1, 2017, [Appellant's] PCRA petition was denied after an Evidentiary Hearing held by the PCRA Court.

On August 27, 2017, [Appellant] filed a timely Notice of Appeal to the Superior Court of Pennsylvania.

On October 3, 2017, [Appellant] filed a Rule 1925(b) Statement of Matters Complained of on Appeal, pursuant to an Order of the Court.

PCRA Court Opinion, 11/8/07, at 1-2. In its Pa.R.A.P. 1925(a) opinion, the

PCRA court concluded that the claims raised in Appellant's PCRA petitions were

without arguable merit, and attached to its opinion the notes of testimony from the evidentiary hearing held August 1, 2017. *Id.*

Appellant presents the following issue for our review: "Did the Honorable PCRA court err when that court failed to reinstate [Appellant's] appellate rights, nunc pro tunc?" Appellant's Brief at 3 (unnecessary capitalization omitted). More specifically, Appellant argues that trial counsel was ineffective for failing to file a direct appeal, and that the PCRA court erred when it failed to reinstate his appellate rights, *nunc pro tunc*, on that basis. *Id.* at 7-10. Appellant contends that he asked trial counsel to file a direct appeal, and he testified to that fact at the PCRA hearing. *Id.* at 7. While Appellant acknowledges that trial counsel disputed that testimony at the hearing, he maintains that based upon "logical" analysis, it must be concluded that he did, in fact, ask counsel to file the appeal. *Id.* at 7-9. Appellant further asserts that "[w]hile counsel claimed that [Appellant] did not ask for an appeal, [Appellant] did tell counsel that he was unhappy with the sentence and that information was communicated face-to-face immediately after [Appellant] was sentenced." *Id.* at 9-10. Appellant argues that trial counsel was ineffective for failing to take the appeal. *Id.* at 10. Appellant contends that his appellate rights should be reinstated. *Id.*

"Our standard of review for an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). The PCRA court's findings will not be

- 3 -

disturbed unless there is no support for the findings in the certified record. *Id.*

When considering an allegation of ineffective assistance of counsel ("IAC"), counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) petitioner was prejudiced by counsel's action or omission. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Commonwealth v. Reed*, 42 A.3d 314, 319 (Pa. Super. 2012). A claim of IAC will fail if the petitioner does not meet any one of the three prongs. *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013). "The burden of proving ineffectiveness rests with Appellant." *Commonwealth v. Rega*, 933 A.2d 997, 1018 (Pa. 2007).

Further, "[a] PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness." *Commonwealth v. Natividad*, 938 A.2d 310, 322-323 (Pa. 2007); *see Commonwealth v. Spotz*, 896 A.2d 1191, 1250 (Pa. 2006) (finding ineffectiveness claim insufficient when appellant "failed to set forth his claim pursuant to the three-prong . . . test for establishing an ineffective

assistance of counsel claim"); **Commonwealth v. Bracey**, 795 A.2d 935, 940 n.4 (Pa. 2001) ("[A]n undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy Appellant's burden of establishing that he is entitled to any relief."). With these standards in mind, we proceed to examine Appellant's claim of trial counsel's ineffectiveness.

We first note that Appellant fails to meaningfully discuss the elements of an IAC claim in his brief. Moreover, Appellant's cursory averment that he asked trial counsel to file an appeal on his behalf, and that counsel failed to do so, is insufficient to satisfy his burden. "[B]efore a court will find ineffectiveness of trial counsel for failing to file a direct appeal, Appellant must prove that he requested an appeal and that counsel disregarded this request." **Commonwealth v. Ousley**, 21 A.3d 1238, 1244 (Pa. Super. 2011). While Appellant asserts that "logical" conclusions establish his desire to have a direct appeal filed, Appellant fails to identify or present evidence that supports his assertion that he directed counsel to file an appeal. In fact, Appellant places much emphasis on the fact that he told counsel that he was not happy with his sentence. A statement regarding displeasure with a sentence, however, is not tantamount to requesting that counsel file a direct appeal.

Furthermore, during the PCRA hearing, Appellant did not definitively assert that he had asked counsel to file an appeal. The following exchange is revealing:

[Counsel]: Well, let me ask you this question, at any time prior to leaving the courtroom at time of sentencing, either that day or during trial or up at the prison speaking, did you ever tell [trial counsel] that if you lose, if you lose, you'd like to take an appeal?

[Appellant]: No. What he did was, he basically assured me that, you know, we're getting exactly what we want, and this was prior to court. So I guess that was a way of nullifying that he didn't want to do the appeal process because he's saying, you know, we're getting exactly what we -- exactly what we want. And then when the sentence was read, that's not -- I wasn't in concurrent [sic] with that.

[Counsel]: What did you want?

[Appellant]: No, I just wanted to -- I wanted a concurrent sentence.

[Counsel]: You wanted the 1 to 2 to be concurrent with the 4 to 8.

[Appellant]: 4 to 8, correct.

[Counsel]: Okay. So –

[Appellant]: That was my whole premise. That was my whole premise for everything because, number one, I didn't have -- there's -- with me not having no -- what he said at the sentencing date didn't even mix with what I was trying to explain. So his thing was that -- his issue was that, well, we got what we want. But then after trial, after I was sentenced, then he just said some stuff to me in the room, and then I was like, whoa, that can't be it, like where is the -- so I just felt as though there was something wrong at that point.

N.T., 8/1/17, at 8-10. Additionally, at the PCRA hearing, the Commonwealth's attorney read from the sentencing transcript, reflecting that Appellant had been advised of his appeal rights at that time. *Id.* at 16-18. Appellant did not deny that he had been advised of those rights, but instead stated that he did not hear or understand those statements. *Id.* at 18. Indeed, in his

statements to the PCRA court, Appellant's PCRA counsel acknowledged that Appellant did not ask for a direct appeal. *Id.* at 41.

Moreover, Appellant's trial counsel testified at the PCRA hearing in significant detail regarding discussions with Appellant pertaining to trial strategy and sentencing. N.T., 8/1/17, at 21-28. Counsel testified that Appellant did not ask him to file a direct appeal at any time. *Id.* at 21-28, 37. The PCRA court found trial counsel to be credible. *Id.* at 47. This Court will not overturn a PCRA court's credibility determinations where, as here, there is evidence on the record to support those determinations. *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010). Because Appellant presents no evidence supporting his claim that he directed counsel to file an appeal, this claim lacks merit.

Furthermore, this Court has explained that in some situations, even in the absence of a request by a defendant, counsel may still be ineffective for failing to file an appeal. This Court in *Commonwealth v. Touw*, 781 A.2d 1250 (Pa. Super. 2001), summarized the United States Supreme Court case of *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), as follows:

> If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance. That question lies at the heart of this case: Under what circumstances does counsel have an obligation to consult with the defendant about an appeal?

The Court answered this question by holding:

> [C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.
>
> A deficient failure on the part of counsel to consult with the defendant does not automatically entitle the defendant to reinstatement of his or her appellate rights; the defendant must show prejudice. The Court held that 'to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.'

*Touw*, 781 A.2d at 1254 (internal citations omitted).

> Where no request has been made, an appellant must establish that a duty to consult was owed. Under *Roe* and *Touw*, an appellant may establish a duty to consult by indicating issues that had any potential merit for further review.

*Commonwealth v. Bath*, 907 A.2d 619, 623 (Pa. Super. 2006).

Here, however, Appellant does not assert that counsel failed to consult with him about an appeal. Moreover, Appellant has failed to establish that a consultation was owed to him. Appellant has not identified any issues that have potential merit for further review. *Bath*, 907 A.2d at 623. Further, based on the record, it cannot be concluded that Appellant reasonably demonstrated to trial counsel that he was interested in appealing. *Touw*, 781 A.2d at 1254. Therefore, we conclude that Appellant has not established that

counsel owed him a duty to consult and, accordingly, he is entitled to no relief on this basis.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/18