J-S44020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WILBERT COLON :
:
Appellant : No. 177 MDA 2020

Appeal from the PCRA Order Entered January 2, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0004513-2012

BEFORE: BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.: **FILED: JANUARY 13, 2021**

Appellant Wilbert Colon appeals from the order dismissing his first timely petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant argues that the PCRA court erred in denying relief for his claim that trial counsel was ineffective for failing to file a petition for allowance of appeal to our Supreme Court. We affirm.

The PCRA court summarized the procedural history of this matter as follows:

> On or about November 1, 2013, a jury found [Appellant] guilty of first-degree murder, third degree murder, aggravated assault, carrying firearms without a license [(VUFA)], and possession of an instrument of crime (PIC)[.] On January 15, 2014[, the trial court] sentenced [Appellant] to life imprisonment without the possibility of parole for first-degree murder, [three and a half to seven] years' imprisonment for [VUFA,] and [sixteen months to five years'] imprisonment for PIC. [Appellant]'s sentences for [VUFA] and PIC ran concurrently with his first-degree murder

sentence. [Appellant did not file a post sentence motion]. [Appellant] filed a timely notice of appeal with [this Court].

\*   \*   \*

On May 18, 2015, [this Court] issued a thorough memorandum opinion that affirmed the opinion of [the trial court]. ***See Commonwealth v. Colon***, 2015 WL 7259602, [301 MDA 2014 (Pa. Super., filed May 18, 2015) (unpublished mem.)]. A petition for allowance of appeal was not taken.

Nearly six months later, on November 9, 2015, [Appellant] filed his first petition under the PCRA. On or about February 3, 2016, Osmer S. Deming, Esq. [(PCRA counsel)] was appointed [] to review the merits of [Appellant]'s claims. [PCRA counsel filed an amended PCRA petition on September 21, 2018.] In his amended petition, PCRA counsel appears to raise only one issue for consideration; namely that trial counsel, Robert Kirwan, Esq. (trial counsel), failed to file a petition for allowance of appeal to the [Pennsylvania] Supreme Court. Interestingly, PCRA counsel sought only one form of relief in his amended petition; *i.e.*, "an appeal for reconsideration of sentence." [The Commonwealth subsequently filed a response arguing that Appellant's PCRA petition should be dismissed.]

After a review of the filings by both parties, [the PCRA court] granted [Appellant] a hearing to present the issues raised in his petition. This hearing was ultimately held on September 18, 2019. At the hearing, only two witnesses testified. [Appellant] testified [o]n his own behalf. [Appellant] submitted three exhibits: (1) a May 20, 2015 letter from [trial counsel] that accompanied the [this Court's] May 18, 2015 opinion [affirming his judgment of sentence]; (2) a letter purportedly written by [Appellant] on May 26, 2015 to [trial counsel] requesting [that] he file an appeal to the Supreme Court; and (3) a copy of a text message from [Appellant's] sister, Angelina. The text message suggests that [Appellant] was not aware that the [this Court] had denied his appeal, that [Appellant] want[ed] to take his case "to the next level," and a request for a copy of [Appellant's] entire file. These three exhibits were admitted as exhibits A, B, and C.

PCRA Ct. Op., 6/4/20, at 2-4 (footnotes omitted, some formatting altered).

Trial counsel's May 20, 2015 letter to Appellant stated as follows:

Dear [Appellant]:

Enclosed please find a copy of the Appeal from the Judgment of Sentence January 15, 2014 in the Court of Common Pleas[] of Berks County Criminal Division at No(s): CP-06-CR-4513-2015, filed May 18, 2015.  Ironically, we received the court's ruling after you called the office.

Please note that the Superior Court has denied your [a]ppeal.  I am sorry to inform you that there are no other appeal options available to you.  **An [a]ppeal to the Supreme Court must relate to a constitutional issue that will affect widespread individuals and cases.  Your appeal issues do not, they are only specific to you.**

Am. PCRA Pet., 9/21/18, at Ex. A (emphasis added).

At the PCRA hearing, Appellant testified that he discussed his appeal strategy with trial counsel before counsel filed the notice of appeal to this Court.  N.T. PCRA Hr'g, 9/18/19, at 7.  Further, Appellant testified that he responded to trial counsel's May 20, 2015 letter on May 26, 2015 and requested that trial counsel file a petition for an allowance of appeal to our Supreme Court.  *Id.* at 10.

In part, Appellant's letter read:

Sir, I have received a copy of the judgment from my direct appeal that was filed on January 23, 2015.  I still feel that we should file a[n] allowance of appeal to the Supreme Court.  They have violated numerous [sic] of my constitutional rights, so I do not understand how you can say that I do not have anymore [sic] appeal options available to me.  Sir, I'm requesting that you file a[n] allowance of appeal to the Supreme Court[].

Am. PCRA Pet. at Ex. B.  Appellant also testified that, after he did not receive a response from trial counsel, he directed his sister to contact trial counsel via text message.  N.T. PCRA Hr'g at 8.

Trial counsel testified that during his meeting with Appellant, they discussed the issues he would raise before this Court as well as the possibility of appealing to the Supreme Court. *Id.* at 18. Specifically, trial counsel explained:

> We talked about the Superior Court. And there were five issues I was going to raise on appeal. We specifically had a discussion about, this was it. He had to win at the Superior Court because the issues we were raising were not constitutional statutes that were being challenged, they were not widespread public interest issues, and that under the standards of Section B of 1114 of the appellate rule, the only way we're getting this to Supreme Court or any court above that would be if those issues were meritorious; that the Supreme Court was not a right like you have in Superior Court. You have to get an allowance of appeal.
>
> * * *
>
> I told him if we're not successful with the Superior Court then we would not be going on to the Supreme Court because there's nothing to file on. All those issues were not even close to being included in Section B of [Rule] 1114.
>
> And it was clear to me that he had no intention and I had no intention of going beyond the Superior Court.

*Id.* at 18-20.

Trial counsel testified that he did not receive Appellant's May 26, 2015 letter. *Id.* at 22. Further, trial counsel testified that he kept meticulous records in Appellant's case because he had been appointed by the court. *Id.* at 23. According to trial counsel, those records did not reflect any correspondence from the prison on or around May 26, 2015, nor was there any record of communication with Appellant's sister on the date that she purportedly sent counsel a text message. *Id.* Finally, trial counsel stated that

if Appellant or a member of his family had directed trial counsel to file a petition for allowance of appeal with our Supreme Court, he would have done so. *Id.* at 24. Trial counsel explained that "even if it was a frivolous matter, which I believe it was, I would have still filed it because . . . that's what [Appellant] wanted to do[.]" *Id.*

Trial counsel further explained that he did not believe there were any non-frivolous issues for appeal because, in his view, none of Appellant's direct appeal issues fit the standards under Rule 1114(b). *Id.* at 29-30. Specifically, trial counsel indicated that he believed three of the evidentiary issues raised in Appellant's direct appeal were the most likely to succeed on appeal. *Id.* at 25-26. After this Court affirmed Appellant's judgment of sentence and found that those issues amounted to harmless error in light of the eyewitness testimony and overwhelming evidence, trial counsel concluded there were no remaining issues to raise before our Supreme Court. *Id.* at 27. Further, trial counsel explained:

> [T]hose issues clearly weren't a conflict between the appellate courts, clearly not a conflict between [state and federal law]. This wasn't a case of first impression, this wasn't a public interest that needed to be decided by the [Supreme] Court. It had to do specifically with his case.
>
> It wasn't like [this Court] . . . summarily dismissed [Appellant's] appeal because of erroneous reasons and it wasn't because [this Court] abused its discretion by applying the law as they did.
>
> And upon reviewing their opinion, it was clear that there was no issue to file on appeal, for allowance of appeal to the Supreme Court. And it was a dead issue, as I predicted it would be.

- 5 -

*Id.* at 28.

On January 2, 2020, the PCRA court entered an order denying Appellant's petition. PCRA Ct. Op. at 4. The PCRA court stated that it "specifically found the testimony of trial counsel to be credible and that he was not ineffective for failing to file a petition for allowance of appeal." *Id.* Appellant timely filed the instant appeal on January 28, 2020. Appellant filed a timely court-ordered Rule 1925(b) statement.

On appeal, Appellant raises the following issue:

Did the PCRA [c]ourt err in denying relief given that [trial counsel] sent [Appellant] a letter, citing the wrong standard on whether to file a [p]etition for [a]llowance of [a]ppeal to the Pennsylvania Supreme Court?

Appellant's Brief at 4.

Appellant reiterates his claim that he asked trial counsel to file a petition for an allowance of appeal to our Supreme Court following the Court's decision in his direct appeal. *Id.* at 13. Appellant also contends that "it should not matter whether or not [Appellant] actually asked for such review because [trial counsel] cited an incorrect standard to him in a written letter." *Id.* Appellant argues that the standard for whether counsel should be excused from filing a petition for an allowance of appeal is "whether the claims that petitioner wishes to raise in such a petition are "not completely frivolous[], *i.e.*, [the claims] have some level of merit, regardless of whether they are actually 'winning arguments.'" *Id.* Appellant emphasizes that trial counsel's letter fails to state the appropriate standard for filing petitions for allowance of

- 6 -

appeal as set forth in Pa.R.A.P. 1114. *Id.* at 17-18. Appellant argues that trial counsel did not have a clear understanding of the proper standard, therefore, Appellant's right to file a petition for an allowance of appeal to the High Court should be reinstated. *Id.* at 20.

The Commonwealth responds that Appellant has failed to establish that trial counsel was ineffective. Commonwealth's Brief at 10. The Commonwealth acknowledges that prejudice may be presumed if counsel fails to file a requested petition for an allowance of appeal. *Id.* at 12. However, the Commonwealth asserts that the PCRA court heard testimony from both Appellant and trial counsel and credited trial counsel's testimony that Appellant did not request the subject appeal. *Id.* at 14.

Further, the Commonwealth asserts that "[w]hile [trial counsel] does give only a cursory discussion of the petition for allowance of appeal in the letter, focusing only on this letter undermines [trial counsel's] testimony from the PCRA hearing." *Id.* at 14-15. The Commonwealth contends that trial counsel credibly testified that he explained the proper standard under Rule 1114 and why Appellant's claims would not succeed. *Id.* "As [trial counsel] believed and advised [Appellant], and the PCRA court found, [Appellant]'s issues were particular to him, but do not rise to the overarching level of issues undertaken by the Pennsylvania Supreme Court under the rules." *Id.* at 16.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v.***

*Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

We presume that the petitioner's trial counsel was effective. *See Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999). Generally, to establish a claim of ineffective assistance of counsel, a defendant "must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Turetsky*, 925 A.2d 876, 880 (Pa. Super. 2007) (citations omitted).

The burden is on the defendant to prove all three of the following prongs: "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Id.* (citations omitted). Moreover, "[a] failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009) (citation omitted).

Initially, we note that a defendant has a rule-based right to effective counsel throughout his direct appeal. *See* Pa.R.Crim.P.122(B)(2); *see also*

*Commonwealth v. Liebel*, 825 A.2d 630, 633 (Pa. 2003). An appeal to the Supreme Court is a matter of judicial discretion and not a matter of right. *See* Pa.R.A.P. 1114(a).

With respect to the filing of a petition for allowance of appeal, our courts have recognized two types of ineffectiveness claims. First, if a defendant requests counsel to file a petition for allowance of appeal on his behalf, it is *per se* ineffective assistance for counsel to fail to file that petition. *See Commonwealth v. Reed*, 971 A.2d 1216, 1225 (Pa. 2009). "[A]n appellant need not show that the petition would likely have been granted, but merely that the appeal was requested and counsel failed to act." *Commonwealth v. Bath*, 907 A.2d 619, 622 (Pa. Super. 2006) (citation omitted). Second, even if a defendant does not instruct counsel to seek review with our Supreme Court, he may have a cognizable claim under the PCRA if he proves that any issues he sought to raise with the Supreme Court "rose 'above frivolity.'" *Commonwealth v. Rigg*, 84 A.3d 1080, 1088 (Pa. Super. 2014) (quoting *Bath*, 907 A.2d at 624).

Specifically, this Court has explained:

Where no request [to file a petition for allowance of appeal] has been made, an appellant must establish that a duty to consult was owed. . . . [A]n appellant may establish a duty to consult by indicating issues that had any potential merit for further review. This does not require [an] appellant to demonstrate that the Supreme Court would likely grant review to a petition for allowance of appeal, but only that [an] appellant must show that any issue rises above frivolity.

*Bath*, 907 A.2d at 623-24 (citations omitted).

Here, in his PCRA petition, Appellant argued that trial counsel was ineffective for failing to file his requested appeal to our Supreme Court. Am. PCRA Pet. at 4. Appellant also argued that he was entitled to relief based on trial counsel's misstatement of the law concerning the Supreme Court's standards for granting appellate review. *Id.* at 5.

In its Rule 1925(a) opinion, the PCRA court stated that it "specifically found the testimony of trial counsel to be credible and that he was not ineffective for failing to file a petition for allowance of appeal." Trial Ct. Op. at 4-5.

Additionally, the PCRA court explained:

We agree that the May 20, 2015 letter to [Appellant] is not the correct standard as provided in the Rules of Appellate Procedure. The full, and correct, standard is covered by Rule 1114[, which] states:

Rule 1114. Standard Governing Allowance of Appeal

(b) Standards. A petition for allowance of appeal may be granted for any of the following reasons:

(1) the holding of the intermediate appellate court conflicts with another intermediate appellate court opinion;

(2) the holding of the intermediate appellate court conflicts with a holding of the Pennsylvania Supreme Court or the United States Supreme Court on the same legal question;

(3) the question presented is one of first impression;

(4) the question presented is one of such substantial public importance as to require prompt and definitive resolution by the Pennsylvania Supreme Court;

(5) the issue involves the constitutionality of a statute of the Commonwealth;

(6) the intermediate appellate court has so far departed from accepted judicial practices or so abused its discretion as to call for the exercise of the Pennsylvania Supreme Court's supervisory authority; or

(7) the intermediate appellate court has erroneously entered an order quashing or dismissing an appeal.

Pa.R.A.P. 1114(b).

Notwithstanding the lack of a full recitation of Rule 1114 in trial counsel's May 20, 2015 letter, [Appellant] unfairly limits the discussion to this piece of evidence without giving due credit to the remaining record before th[e PCRA c]ourt. To be precise, th[e PCRA c]ourt did not simply rely on Exhibit A alone in determining that [Appellant's] claim was without merit. Rather, th[e PCRA c]ourt considered the complete record in this case which includes the highly credible and uncontradicted testimony of trial counsel.

The official court record, as well as the testimony of trial counsel, establish the following course of events: (1) [Appellant] was convicted of first-degree murder and related offenses on November 1, 2013; (2) sentencing was deferred until January 15, 2014; (3) [trial c]ounsel met with [Appellant] at the Berks County Jail on January 9, 2014, six days prior to the sentencing date; (4) The purpose of the meeting was to discuss his witnesses at sentencing as well as post-sentence issues; (5) [t]rial [c]ounsel met with [Appellant] at approximately 3:30PM on January 9 and stayed longer than the one hour time allotment to discuss these issues with [Appellant]; (6) [trial c]ounsel had specifically indicated to [Appellant] that there was no merit in filing post-sentence motions and that the issues raised on appeal to [this Court] would be [Appellant]'s last chance to rectify any trial errors; (7) [t]rial [c]ounsel advised [Appellant] that appellate issues raised before [this Court] would be discretionary in that the issues involved discretionary rulings made by the trial court; (8) [t]rial [c]ounsel reviewed, in detail, the full list of factors in Rule 1114(b) with [Appellant] when discussing why no petition for allowance of appeal would be sought with the Supreme Court; (9) [Appellant] fully and completely understood what [t]rial [c]ounsel was telling him regarding the importance of [this Court]'s ruling and the inapplicability of his appellate issues to the Supreme Court; and (10) [t]rial [c]ounsel was of the opinion that any further appeal to the Pennsylvania Supreme Court would be frivolous.

> Th[e PCRA] court specifically finds the uncontradicted testimony of trial counsel [] to be credible and well supported by the record. As such, while [Appellant] is correct that the May 20, 2015 letter from [trial counsel] failed to completely cite Rule 1114 in it is entirety, th[e PCRA c]ourt is of the opinion that the wording expressed by trial counsel in his May 20 letter is but a mere microcosm of their entire communication and understanding of the Rule 1114 standard.

*Id.* at 11-12 (some formatting altered).

Based on our review of the record, we agree with the PCRA court's conclusion that Appellant failed to prove that trial counsel was ineffective for failing to file a petition for an allowance of appeal. **See Ousley**, 21 A.3d at 1242. Further, on this record, we agree with the PCRA court's finding that Appellant did not ask trial counsel to file said petition. **See Mitchell**, 105 A.3d at 1265. Therefore, Appellant cannot demonstrate that trial counsel was *per se* ineffective on that basis. **See Reed**, 971 A.2d at 1225; **see also Daniels**, 963 A.2d at 419.

We note that the PCRA court observed that trial counsel's May 20, 2015 letter did not cite the full and correct standard for filing a petition for an allowance of appeal to our Supreme Court as provided in Pa.R.A.P. 1114. However, the PCRA court credited trial counsel's testimony that he discussed an appeal strategy with Appellant prior to filing the direct appeal, and that the consultation included a detailed review of Rule 1114(b) along with the discussion of appealing to our Supreme Court. **See** N.T. PCRA Hr'g at 20; **see also Mitchell**, 105 A.3d at 1265.

For these reasons, Appellant is not due relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/13/2021