J-S10023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM HOWARD WHITE | : | |
| | : | |
| Appellant | : | No. 966 MDA 2020 |

Appeal from the PCRA Order Entered June 26, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0002171-2017,
CP-06-CR-0002172-2017, CP-06-CR-0002173-2017,
CP-06-CR-0002174-2017, CP-06-CR-0002653-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM HOWARD WHITE | : | |
| | : | |
| Appellant | : | No. 967 MDA 2020 |

Appeal from the PCRA Order Entered June 26, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0002171-2017,
CP-06-CR-0002172-2017, CP-06-CR-0002173-2017,
CP-06-CR-0002174-2017, CP-06-CR-0002653-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM HOWARD WHITE | : | |
| | : | |
| Appellant | : | No. 968 MDA 2020 |

Appeal from the PCRA Order Entered June 26, 2020

In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002171-2017,
CP-06-CR-0002172-2017, CP-06-CR-0002173-2017,
CP-06-CR-0002174-2017, CP-06-CR-0002653-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILLIAM HOWARD WHITE | : | |
| | : | |
| Appellant | : | No. 969 MDA 2020 |

Appeal from the PCRA Order Entered June 26, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002171-2017,
CP-06-CR-0002172-2017, CP-06-CR-0002173-2017,
CP-06-CR-0002174-2017, CP-06-CR-0002653-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILLIAM HOWARD WHITE | : | |
| | : | |
| Appellant | : | No. 970 MDA 2020 |

Appeal from the PCRA Order Entered June 26, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0002171-2017,
CP-06-CR-0002172-2017, CP-06-CR-0002173-2017,
CP-06-CR-0002174-2017, CP-06-CR-0002653-2017

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 02, 2021**

---

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

William Howard White appeals from the order denying his Post Conviction Relief Act ("PCRA") petition.[1] White argues his plea counsel was ineffective for failing to consult with him regarding a direct appeal. We affirm.

White entered an open guilty plea in 2018 to five counts of robbery.[2] The trial court sentenced him to an aggregate sentence of 10 to 30 years' incarceration. White did not file a post-sentence motion or a direct appeal.

White filed a timely PCRA petition, asserting multiple issues, including that his plea counsel had been ineffective for failing to file a direct appeal on his behalf. The PCRA court appointed counsel, who filed a no-merit letter[3] and request to withdraw.

The PCRA court denied counsel's withdraw request and held an evidentiary hearing on whether plea counsel had been ineffective for failing to file a direct appeal. At the hearing,

> [plea counsel] testified that [White] never asked him to file an appeal. [Plea counsel] stated that he went over [White's] post sentence rights with [him] and that [he] signed a form acknowledging those rights. [Plea counsel] informed [White] he had ten days to submit an appeal to the trial court and thirty days to submit an appeal to the Superior Court. [Plea counsel] also testified that he met with [White] at Berks County Prison a few days after [White] pleaded guilty and that [White] never asked him to file an appeal. On cross examination, [plea counsel] again

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] White pleaded guilty to four counts of robbery under 18 Pa.C.S.A. § 3701(a)(1)(ii) and one count of robbery under 18 Pa.C.S.A. § 3701(a)(1)(v).

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

reiterated that [White] never asked him to file an appeal on [his] behalf.

PCRA Court Opinion, filed 11/4/20, at 3-4. Conversely, White testified "he was not sure if he ever received his post sentence rights and that he asked [plea counsel] to appeal for reconsideration of his sentence." *Id.* at 4. White also testified "that, after he pleaded guilty, plea counsel told him that he could possibly get more time if his sentence was reconsidered." *Id.* The PCRA court found plea counsel's testimony more credible than White's testimony, *see id.* at 3, and dismissed the petition.[4]

White appealed, raising a single issue: "Did the PCRA court err by denying relief where [White] demonstrated that he had indicated his desire to appeal his sentence to his attorney?" White's Br. at 3.

We assess an order denying PCRA relief under a well-settled standard of review. Our task is to determine whether the conclusions of the PCRA court are "supported by the record and free of legal error." *Commonwealth v. Anderson*, 234 A.3d 735, 737 (Pa.Super. 2020) (citation omitted).

White argues that because the PCRA court found as a fact that he had not explicitly asked plea counsel to file a direct appeal, and "the extreme likelihood of this finding being disturbed by this Honorable Court," he will no longer pursue his claim that plea counsel was ineffective *per se* for refusing to file an appeal. White's Br. at 12. Instead, White now argues that plea counsel

---

[4] The court also issued a Pa.R.Crim.P. 907 notice of its intention to dismiss the issues for which it did not hold a hearing. White did not respond, and the court dismissed the petition in relation to those issues as well.

- 4 -

was ineffective for failing to adequately consult with him regarding the appeal. *Id.* at 12-13 (citing ***Commonwealth v. Bath***, 907 A.2d 619, 623 (Pa.Super. 2006)). In support of this theory, White asserts he "had already informed [plea counsel], immediately following his sentencing in an open plea, where he had no idea of the outcome, of his desire for reconsideration of that sentence." *Id.* at 13. White points out that plea counsel testified that "when he spoke to [White] at Berks County Prison, [White] immediately began asking about a motion for reconsideration." *Id.* Counsel testified that he advised White that he thought the sentence was fair, but never explained how White responded to counsel's advice. *Id.* White contends "[t]here can be no doubt that had counsel properly consulted with him, [White] would have requested an appeal." *Id.* at 14.

Whether a defendant has been deprived the right to effective assistance of counsel due to counsel's failure to consult with him regarding a potential appeal is a different issue than whether counsel was ineffective for failing to file a direct appeal when explicitly asked to do so. ***See Bath***, 907 A.2d at 622-23. Whereas "the unjustified failure to file a requested direct appeal is ineffective assistance of counsel *per se*," counsel's duty to consult with his client regarding the advantages and disadvantages of filing an appeal only arises when "counsel has reason to believe either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to

counsel that he was interested in appealing." *Id.* (quotation marks and citation omitted).

Here, White argued to the PCRA court that he had asked his counsel to file a direct appeal, and that counsel was ineffective *per se* for ignoring this request. White did not argue to the PCRA court, as he does to this Court, that he had reasonably demonstrated a desire to appeal and that counsel had failed to adequately consult with him regarding a potential appeal. He has therefore waived this issue for appeal. *See* Pa.R.A.P. 302(a); *Commonwealth v. Rosser*, 135 A.3d 1077, 1087 (Pa.Super. 2016) (finding issue waived where appellant switched legal theory on appeal). Moreover, White made no mention of this issue in his Rule 1925(b) statement,[5] and the trial court accordingly did not address it in its Rule 1925(a) opinion. White has waived the issue in this manner as well. *See* Pa.R.A.P. 1925(b)(4)(vii).

Even if White had not waived the issue, we would find it meritless. Plea counsel testified that he advised White regarding his post-sentence and appeal rights before White pleaded guilty. *See* N.T., 6/24/20, at 18-21. Directly after sentencing, plea counsel discussed with White whether he should file a post-sentence motion for reconsideration of his sentence. *Id.* at 21-22. They discussed a post-sentence motion again a few days later, at the prison. *Id.* Counsel advised White that it was White's decision whether to file a post-

---

[5] In his statement, White describes his issue as follows: "The PCRA Court erred in determining that Mr. White did not request a direct appeal to be filed by counsel and in denying his direct appeal rights to be reinstated." Pa.R.A.P. 1925(b) Statement, 8/11/20, at 1.

- 6 -

sentence motion. *Id.* at 22. Counsel testified "there was never any discussion about an appeal." *Id.*; *see also id.* at 25. The PCRA court credited counsel's testimony, and we defer to the court's credibility determination. White has therefore failed to prove that he reasonably demonstrated a desire to appeal and that counsel failed to consult with him.[6]

   Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/2/2021

---

[6] White does not argue that a rational defendant in his position would want to appeal, or that an appeal would not have been frivolous, and we therefore need not address whether counsel had a duty to consult on this basis.