J-S36009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE RENTAS-TORRES | : | |
| | : | |
| Appellant | : | No. 294 EDA 2021 |

Appeal from the PCRA Order Entered January 6, 2021
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0001062-2018

BEFORE:   LAZARUS, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED DECEMBER 10, 2021**

Jose Rentas-Torres appeals from the order, entered in the Court of Common Pleas of Northampton County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After our review, we reverse and remand for the reinstatement, *nunc pro tunc*, of Rentas-Torres' post-sentence and direct appellate rights.

The PCRA court set forth the relevant factual and procedural history of this case as follows:

> On June 21, 2018, [Rentas-Torres] entered a negotiated guilty plea to a single count of terroristic threats as a misdemeanor of the first degree.  The information charged [Rentas-Torres] as a result of a domestic dispute with his girlfriend.  On the same day, [Rentas-Torres] was sentenced to six to twelve months in Northampton County Prison followed by twelve months of probation.

---

[*] Retired Senior Judge assigned to the Superior Court.

[Rentas-Torres] was granted parole on August 31, 2018. On August 19, 2019, a Petition for Review of Probation/Parole was filed with the court based upon [Rentas-Torres] receiving new charges. A **Gagnon II** hearing was originally scheduled for March 11, 2020, but the matter was continued generally, pending resolution of [Rentas-Torres'] new charges.

On July 22, 2020, a **Gagnon II** hearing was held before the court. At the hearing, [Rentas-Torres] was represented by Assistant Public Defender Anthony E. Rybak[, Esquire]. The evidence established that [Rentas-Torres] had received new charges on August 7, 2019, for possession with intent to deliver and criminal use of a communication facility. Two weeks prior to the **Gagnon II** hearing, [Rentas-Torres] pleaded guilty to criminal use of a communication facility and was sentenced to one year less two days to two years less one day in Northampton County Prison, followed by two years of probation. The evidence also established that, while he was on supervision, [Rentas-Torres] missed forty-one of his scheduled drug tests and tested positive for opiates days before his arrest on the new charges. [Rentas-Torres] has a significant prior record, including convictions for possession with intent to deliver, burglary, criminal trespass, false reports, simple possession, theft, false identification to law enforcement, and terroristic threats.

After finding that [Rentas-Torres] violated his probation, the court revoked his probation and resentenced him to eighteen to thirty-six months in state prison, concurrent to the sentence imposed in his new case, with credit for time served. After [Rentas-Torres] refused to sign a form outlining his post-sentence rights, the court advised [Rentas-Torres] of those rights on the record.

[Rentas-Torres] did not ask Attorney Rybak to file a post-sentence motion. No such motion was filed by [Rentas-Torres]. Rather, the day after the **Gagnon II** hearing, [Rentas-Torres] filed a *pro se* [PCRA petition]. One week later, [Rentas-Torres] filed a *pro se* appeal to the Superior Court. Unaware of the appeal, on August 3, 2020, the court appointed counsel to represent [Rentas-Torres] with regard to his [PCRA petition].

On August 18, 2020, the court appointed the same counsel to represent [Rentas-Torres] with regard to his appeal. On October 1, 2020, the court entered an order denying [Rentas-Torres PCRA relief]. On November 2, 2020, [Rentas-Torres'] appeal to the

Superior Court was discontinued at the request of his court-appointed counsel.

On November 6, 2020, [Rentas-Torres'] counsel filed the instant [amended PCRA petition], in which he alleges that Attorney Rybak was ineffective in representing [Rentas-Torres] at his ***Gagnon II*** hearing and by failing to file a post-sentence motion and/or an appeal from the sentence imposed at that hearing.

A hearing on [Rentas-Torres' PCRA petition] was held on January 6, 2021. At the conclusion of that hearing, [Rentas-Torres'] counsel advanced two arguments: first, that Attorney Rybak was ineffective in failing to make a meaningful presentation on [Rentas-Torres'] behalf prior to the resentencing; and second, that Attorney Rybak was ineffective for failing to file a post-sentence motion and/or appeal. After hearing argument from counsel, the court entered the order appealed from, denying [Rentas-Torres' PCRA petition].

On January 22, 2021, [Rentas-Torres'] counsel filed the instant appeal. On January 25, 2021, the court ordered [Rentas-Torres] to file a [Pa.R.A.P. 1925(b)] concise statement of matters complained of on appeal ("[Rule 1925(b)] Statement'), within twenty-one days, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). [Rentas-Torres] filed his [Rule 1925(b)] Statement on February 15, 2021[.]

PCRA Court Opinion, 2/24/21, at 1-4 (footnotes and citations to record omitted).

Rentas-Torres raises the following claim for our review:

Whether the PCRA [c]ourt erred in failing to find that probation violation counsel was ineffective in defense of the alleged violation, in not making any coherent or other persuasive sentencing presentation, and in failing to seek reconsideration of sentence or appeal of the discretionary aspects of sentence?

Brief of Appellant, at 4.

It is well-settled that, in reviewing the denial of PCRA relief, "we examine whether the PCRA court's determination is supported by the record and free

of legal error." ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (quotations and citations omitted). The PCRA court's credibility determinations are binding on this Court when they are supported by the record; its legal conclusions, however, are subject to *de novo* review. ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1127 (Pa. 2011).

Here, Rentas-Torres raises a claim of ineffectiveness of counsel. To establish a claim of counsel's ineffectiveness, a petitioner must overcome the presumption that counsel was effective by proving "(1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1244 (Pa. Super. 2011) (citation omitted). "The failure to prove any one of the three prongs results in the failure of petitioner's claim." ***Id.***

We first address Rentas-Torres' claim as it relates to the revocation portion of the proceedings. While Rentas-Torres focuses the vast majority of his appellate argument on the resentencing aspect of his claim, we gather that his argument as to counsel's ineffectiveness related to revocation is grounded in the fact that counsel, who was the "[on-]duty" public defender in the courtroom and had never previously met Rentas-Torres, was unfamiliar with Rentas-Torres' case and failed to sufficiently prepare for the ***Gagnon II*** hearing, or to consult with Rentas-Torres prior thereto. He is entitled to no relief.

Here, Rentas-Torres committed, and pled guilty to, a new crime while serving his probationary sentence. "[T]he commission of a new crime violates an implied condition of probation and suggests that the defendant is a poor probation risk." *Commonwealth v. Nava*, 966 A.2d 630, 634 (Pa. Super. 2009). Accordingly, upon a finding that a probationer has been convicted of another crime, the VOP court has the authority to revoke probation and impose a sentence of total confinement. *See* 42 Pa.C.S.A. §§ 9771(b), (c).

Moreover, in addition to pleading guilty to another offense, Rentas-Torres committed multiple violations of the conditions of his probation, including failing to submit to 41 required urine screens, remain drug-free, or pay costs. *See* N.T. VOP Hearing, 7/22/20, at 2-3. As the PCRA court correctly concluded, under these circumstances, "there was nothing Attorney Ryback could have done to defend against the violation." PCRA Court Opinion, 2/24/21, at 5. Therefore, inasmuch as his ineffectiveness claim relates to the revocation of his probation, Rentas-Torres is entitled to no relief. *See Ousley*, *supra* (where no reasonable probability exists that outcome of proceedings would have been different, ineffectiveness claim fails). However, with regard to his claim that counsel was ineffective during resentencing and for failing to file a post-sentence motion for reconsideration of sentence and a direct appeal, we find Rentas-Torres' claim to be meritorious.

The record supports the PCRA court's conclusion that Rentas-Torres did not explicitly request that counsel file a motion for reconsideration or direct appeal. However, even where a defendant does not expressly ask counsel to

file a direct appeal, counsel still has a duty "to adequately consult with the defendant as to the advantages and disadvantages of an appeal **where there is reason to think that a defendant would want to appeal**." ***Commonwealth v. Bath***, 907 A.2d 619, 623 (Pa. Super. 2006) (emphasis added). In such situations, counsel is not *per se* ineffective and the traditional three-prong ***Strickland***[1] test "is necessary to decide whether counsel rendered constitutionally ineffective assistance by failing to advise his client about his appellate rights." ***Commonwealth v. Markowitz***, 32 A.3d 706, 716 (Pa. Super. 2011). Hence, an appellant "must plead and prove: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." ***Id.***

> Pursuant to [***Roe v. Flores–Ortega***, 528 U.S. 470 (2000) and its Pennsylvania expression, ***Commonwealth v. Touw***, 781 A.2d 1250 (Pa. Super. 2001)], counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either[:] "(1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) **that this particular defendant reasonably demonstrated to counsel that he was interested in appealing**." [***Id.***] at 1254 (quoting ***Roe***[, 528 U.S.] at 480).

***Bath***, 907 A.2d at 623 (emphasis added). "Where a petitioner can prove either factor, he establishes that his claim has arguable merit." ***Markowitz***, 32 A.3d at 716.

---

[1] ***Strickland v. Washington***, 466 U.S. 668 (1984). ***See also Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987) (adopting ***Strickland*** test).

Additionally, an appellant is not required to show he had meritorious issues for appeal to establish counsel was ineffective for failing to consult with him regarding an appeal. ***Commonwealth v. Donaghy***, 33 A.3d 12, 17 (Pa. Super. 2011). ***See also Commonwealth v. Green***, 168 A.3d 173, 178 n.5 (Pa. Super. 2017) ("[A] claim that lacks merit is not necessarily wholly frivolous. The duty to consult arises if there is a non-frivolous issue to raise, not an ultimately meritorious issue."). Further, prejudice in this context means an appellant must show a reasonable probability that, but for counsel's failure to consult, the appellant would have sought additional review. ***Touw***, 781 A.2d at 1254. ***See also Donaghy***, ***supra*** (reversing order denying PCRA relief and remanding for reinstatement of appellant's direct appeal rights *nunc pro tunc*, where trial counsel failed to consult with appellant about desire to file direct appeal; appellant sent trial counsel letter during 30–day appeal period asking how long appellant had to file appeal and what types of issues appellant could raise on appeal; appellant's letter sufficiently demonstrated desire to appeal such that counsel should have made reasonable effort to discover appellant's wishes; counsel's testimony at PCRA hearing that counsel believed appellant had no viable reasons for appeal does not absolve counsel of duty to ascertain appellant's wishes; counsel's failure to consult with appellant about filing direct appeal deprived appellant of constitutional right to effective assistance of counsel).

Here, the record demonstrates that Rentas-Torres was dissatisfied with his sentence and sought a county sentence to be imposed due to his family circumstances. Prior to sentencing, Rentas-Torres allocuted as follows:

THE COURT: Is there anything you'd like to say before I sentence you for the probation violation?

THE DEFENDANT: Yes, [Y]our [H]onor. I used to take care of my mother. My mother is 92 years old. I know I made a few mistakes in my life. I'm a human being. Right now[,] my family is waiting that I'm coming back home so I can take care of my mother. She's 92 years old. **If I leave for another six months, I don't know—I won't be able to see her**. I'm fighting for custody [of] my son because I did everything I was supposed to do when I was on probation.

I caught a new case, [Y]our [H]onor[,] yes. I did c[atch] a new case, yes, and I [pled] to the new case and I take responsibility for the new case. **But I believe sending me upstate again is— they're not going to do no good to me. They going to hurt me more because my family going to be hurt. I won't be able to see my mother, I won't be able to see my son, and they going to damage my life completely.** Right now[,] I lost my sister, I lost my brother, and these problems. Nothing to justify what I did. I lost my brother and my sister and I lost my father.

N.T. *Gagnon II* Hearing, 7/22/20, at 6-7 (emphasis added).

Based on the foregoing, as well as Rentas-Torres' refusal to sign the form containing his post-sentence rights, counsel certainly had a reasonable basis to believe that Rentas-Torres was dissatisfied with his sentence and may have wished to seek reconsideration and an appeal. Nonetheless, at the PCRA hearing, counsel testified that he never filed a motion for reconsideration of sentence on Rentas-Torres' behalf, *see* N.T. PCRA Hearing, 1/6/21, at 8, did not know if he went over Rentas-Torres' post-sentence rights with him, *see*

*id.*, and "[did] not believe [he] spoke with him about a [motion for] reconsideration [of sentence]," *id.* at 9, despite understanding that Rentas-Torres was dissatisfied with his sentence. *Id.* at 10 ("[PCRA Counsel]: And certainly from [Rentas-Torres'] reluctance to sign the post-sentence rights form,] you gleaned that [he] was dissatisfied with the sentence that had been imposed? [Attorney Ryback]: He seemed dissatisfied with the entire court system, so—"). Indeed, Rentas-Torres ultimately filed a *pro se* appeal to this Court a week after his resentencing.

Moreover, although the court recited Rentas-Torres' post-sentence rights orally in light of Rentas-Torres' refusal to sign his post-sentence-rights form, the court erroneously advised Rentas-Torres that he "[didn't] have to file a post-sentence motion with me to appeal the sentence. You can appeal it directly to the Superior Court." N.T. *Gagnon II* Hearing, 7/22/20, at 8-9. To the contrary, "when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion." *Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008); *see also* Pa.R.Crim.P. 708(E) ("A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition."). Issues not preserved in the lower court may not be raised on appeal. Pa.R.A.P. 302(a).

Here, Rentas-Torres did not object in open court following the imposition of his revocation sentence. Accordingly, he was required to file a post-

sentence motion for modification of sentence in order to preserve his sentencing challenge on appeal. *Kalicheck*, *supra*. Where the court provided him inaccurate information, and counsel—despite having a reasonable basis to believe that Rentas-Torres might wish to appeal—never consulted with Rentas-Torres to correct the misinformation or ascertain his desire to challenge his sentence, we are constrained to conclude that Rentas-Torres was denied his constitutional right to effective assistance of counsel with regard to the sentencing phase of his *Gagnon II* hearing, as well as with respect to the preservation of his post-sentence and appellate rights. Accordingly, we vacate the PCRA order and remand the case to the PCRA court for reinstatement, *nunc pro tunc*, of Rentas-Torres' post-sentence and direct appellate rights.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2021